JAMES M. RATTI, ADMINISTRATOR, *vs.* P. BERRY & SONS, INCORPORATED, ET AL.

First Judicial District, Hartford, January Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A cause of action involving in one aspect a nuisance and in another negligence, should be presented to the jury in each aspect, separately and independently, otherwise they are quite likely not to get an adequate comprehension of the issues.

The omission, in such a case, of any instruction as to the measure of care to be observed by each of the two defendants touching the charge of negligence, is of vital importance, and requires a new trial.

This court is not disposed to overlook violations of the statutory requirement (§ 5837) that assignments of error must be specific.

Assignments of error covering practically the entire charge, and several of them a printed page or more of the record, are not specific.

Requests to charge comprising a series of abstract propositions of law, without any setting of relevant facts or claims of the parties, are not in proper form and may well be refused.

An appellant cannot complain in this court of an instruction to the jury which was in exact accord with his request.

A platform extending into a highway is prima facie a nuisance, but subject to this presumption the question is one of fact for the jury upon all the evidence in the case.

Argued January 3d—decided March 1st, 1923.

ACTION to recover damages for causing the death of the plaintiff's intestate by negligence, brought to the Superior Court in Hartford County and tried to the jury before *Marvin, J.;* verdict and judgment for the

defendants, and appeal by the plaintiff. *Error and new trial ordered.*

*William H. Fogerty,* for the appellant (plaintiff).

*Joseph F. Berry,* with whom, on the brief, was *Austin D. Barney,* for the appellee (defendant P. Perry & Sons, Inc.).

*Robert P. Butler* and *Thomas C. McKone,* for the appellee (defendant City of Hartford).

WHEELER, C. J. The action is one to recover damages for injuries suffered by plaintiff's decedent in falling from a platform, located on and across the easterly part of Windsor Street, Hartford, by reason of its unsafe condition and its height above the curb. The platform was erected by P. Berry & Sons, Inc., over the place where the easterly sidewalk would have been laid had there been one, and in its then condition was alleged to have been dangerous to those using it as a sidewalk, and to have constituted a public nuisance. The action was predicated upon this alleged nuisance and negligence.

The adequate presentation of this cause of action to the jury required that both the cause of action predicated upon the negligence of each of these defendants, and that predicated upon the maintenance and continuance of a public nuisance upon and over the location of the sidewalk, should have been submitted to the jury independently of each other.

The plaintiff assigns as error paragraphs 3, 4, 5, 6, 7, and 9 of the charge. The charge is not numbered in paragraphs, and these various paragraphs in the assignment of errors, we are informed by counsel, cover practically the entire charge, and several of these para-

graphs contain a page or more of the charge. Such an assignment violates General Statutes, § 5837. We have so frequently pointed out the impropriety and futility of such assignments of error that we are not now disposed to overlook this violation of the statutory requirement. Note (r), page 109, Practice Book, 1922, gives the citation of cases which explain fully this statutory provision requiring that reasons of appeal shall be specifically stated.

The assignment of errors specifying the court's refusal to charge in paragraphs 1, 2, 3, 4, 7, 9, 12, 13 and 14 of the plaintiff's requests to charge, likewise violate General Statutes, § 5837. These requests are unnumbered and cover about nine pages of the printed record. For the most part they comprise a series of statements of abstract propositions of law. In no sense are they in the form of proper requests to charge and cannot be considered.

The third assignment of error is that the court did not as matter of law charge that the maintenance of this platform over the location for the sidewalk constituted a public nuisance. The court left it to the jury to determine as a matter of fact whether the platform was a nuisance or not. This was in exact accord with the plaintiff's request upon the trial and he cannot now be heard to complain. The plaintiff invokes the ordinance of the City of Hartford (1920, § 407) which provides that it shall be an act of nuisance to do any of the following acts: ". . . the erection, location or continuance of any structure, building, . . . or any appurtenance thereto, . . . upon any street or highway."

Under a statute of the State providing that certain acts done in a highway shall be a common nuisance, we held that the placing of an obstruction in the highway was prima facie a nuisance, yet that upon the evi-

dence submitted as to the locality and surrounding circumstances the question as to whether the obstruction was a nuisance was one of fact. *Burnham* v. *Hotchkiss*, 14 Conn. 310, 318–320; *State* v. *Merrit*, 35 Conn. 314, 317, 318. The same ruling is applicable to this ordinance.

The fourth assignment of error, that the court failed to charge as to the proper measure of care to be exercised by the defendants, is well taken so far as it relates to the action of negligence. We do not find anywhere in the charge any instruction as to the measure of care to be observed in the action of negligence by each of these defendants. The omission arose quite likely from the failure of the charge to lay before the jury the causes of action involved in the complaint separately, and separately as to each defendant where the issues differed. The omission is of such vital importance that we fear the jury may not, without this instruction, have had a proper understanding of the issue of negligence.

There is error and a new trial is ordered.

In this opinion the other judges concurred.