LOUIS BELLO vs. ABRAHAM L. NOTKINS ET ALS.

Third Judicial District, Bridgeport, April Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, JS.

If an owner employs a general contractor to construct an entire building, the contractor and not the owner is responsible under the Workmen's Compensation Act; but if the owner chooses to retain control over the work of construction by parcelling it out in fractions among separate contractors, each of whom is responsible solely to him for a particular portion of the work, then the owner is engaged in the "trade or business" of erecting a building, whether it be intended for rent or sale or for his own personal use, and is liable as a "principal employer" under § 5345 of the General Statutes. Otherwise, an owner could evade the law by parcelling out the work among numerous contractors, no one of whom employed five or more workmen.

Argued April 15th—decided June 2d, 1924.

APPEAL from a finding and award of the Compensation Commissioner of the fifth district, acting for and in place of the Commissioner of the third district, taken to the Superior Court in New Haven County, *Avery, J.*, which rendered judgment dismissing the appeal and affirming an award of compensation against the defendant Abraham L. Notkins, from which he appealed. *No error.*

The finding shows that the plaintiff was employed by one Oscar Lindstrom, a contractor engaged in laying the floors in a dwelling-house of which the legal title stood in the name of the defendant. While so employed the plaintiff suffered an injury arising out of and in the course of his employment. His claim for compensation was first made against his immediate employer, Lindstrom, and was dismissed solely on the ground that Lindstrom employed regularly less than five workmen and had not accepted the provisions of

part B of the Workmen's Compensation Act. The plaintiff then instituted the present proceedings against Abraham L. Notkins, with whom were joined the other members of the firm of A. L. Notkins and Sons, a partnership engaged in the business of building houses for rent or sale, and composed of Abraham L. Notkins and his three sons, James, Matthew and Benjamin.

It is found that Lindstrom frequently took flooring contracts from the Notkins firm; that these were generally made orally by telephone; that on this occasion Benjamin Notkins telephoned Lindstrom and contracted with him (but in whose name is not found) to lay the floors in the house in question for an agreed sum; that the house is worth approximately $40,000, and that during all the time the plaintiff was at work more than five workmen were engaged in building it.

It is further found that the record title to the land on which the house was built was and is in the defendant Abraham L. Notkins, that "the house in question was not being erected as a part of the ordinary business of the firm of A. L. Notkins & Sons. It was not intended for rent or sale, but was intended as a residence for Abraham L. Notkins and his wife, James A. Notkins, Benjamin A. Notkins and Dr. Louis A. Notkins," the latter being a son of Abraham L. Notkins, but not a member of the Notkins firm. In equity the house is owned in equal shares by Abraham L. Notkins, Benjamin and Louis. It does not appear who hired the workmen, other than the plaintiff, who worked upon the house, but it is found that the plaintiff's employer, Lindstrom, was paid by the individual check of Abraham L. Notkins.

The commissioner dismissed the claim as against all of the defendants except Abraham L. Notkins, and

awarded that the latter pay compensation to the plaintiff. On appeal the Superior Court sustained the award, holding that on the facts found Abraham L. Notkins was liable as "principal employer," under § 5345 of the General Statutes. The reasons of appeal, in one form or another, question this ruling of the Superior Court.

*Harry L. Brooks*, with whom, on the brief, was *Charles L. Brooks*, for the appellant (defendant Abraham L. Notkins).

*Arthur B. O'Keefe*, with whom, on the brief, were *Joseph I. Shrebnik* and *Thomas F. Mitchell*, for the appellee (plaintiff).

BEACH, J. The only question argued on this appeal was whether the Superior Court erred in holding, upon the facts found, that Abraham L. Notkins was liable to pay compensation to the plaintiff as a "principal employer" within the meaning of § 5345 of the General Statutes, which is printed in the footnote.

While the finding is not explicit, the commissioner's award involves the conclusion of fact that the house in question was not being erected by the firm of A. L. Notkins and Sons, and was being erected by Abraham L. Notkins alone. The appellant does not question the correctness of this conclusion. On the contrary, he expressly admits its truth, saying on the brief: "The

SEC. 5345. PRINCIPAL EMPLOYER, CONTRACTOR AND SUB-CONTRACTOR. When any principal employer procures any work to be done, wholly or in part for him, by a contractor, or through him by a sub-contractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, then such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or sub-contractor.

construction of the house was not under the control, supervision, or direction of the real estate firm of A. L. Notkins & Sons, nor was its construction financed by the firm." Admittedly, these things were done by Abraham L. Notkins in his capacity as owner of the premises, and in this informal proceeding it makes no difference whether or not the other individuals who now have some equitable interest in the house, were associated with him.

The defendant contends that though he, or Benjamin acting for him, employed Lindstrom to lay the floors, he cannot be held as "principal employer" because he was not—as an individual—engaged in the "trade or business" of building houses, and because the house in question was not built for rent or sale, or as a business speculation, but as a home for his personal use. We do not accede to this proposition. The building of a substantial dwelling-house is a business proposition, whether it be constructed for the owner's profit or for his personal use and comfort. As *Judge Case*, when sitting as a Superior Court judge, said of the owner in Gorse *v.* Chaplin, reported in 2 Conn. Comp. Dig. 9, 11: "His 'business' here, temporary or otherwise, in so far as this action concerns itself with him, is the improvement of the real estate in question." In that case the owner caused a pleasure pond to be constructed on a farm which he used as a summer residence, and he was held to be for the time being in the "business" of building a pond so as to come within the scope of the Workmen's Compensation Act. So the operation of building a substantial dwelling-house is a business operation. The Workmen's Compensation Act deals with the business of constructing it, irrespective of the use which the owner or builder may intend to make of it, after it is built. The general policy of the Act requires that every business involving the employ-

ment of five or more workmen, whether it be permanent or temporary, should be carried on subject to the provisions of the Act. The special purpose of § 5345 is to protect employees of minor contractors against the possible irresponsibility of their immediate employers, by making the principal employer who has general control of the business in hand liable as if he had directly employed all who work upon any part of the business which he has undertaken to carry on.

On principle, it is clear that an owner who sets in motion the business of erecting a building may either carry on the business himself, or employ a general contractor to carry it on for him. If the owner chooses to retain in his own hands the business of erecting the building, and to parcel out fractions of the work of construction among separate contractors each responsible solely to the owner for a fraction only of the entire work, the owner must be held to be the "principal employer" within the meaning of § 5345, and also to be engaged for the time being in the "business" of constructing the building. Otherwise § 5345, and, indeed, the whole policy of the Workmen's Compensation Act, might be evaded by the device of the owner parcelling out the work of construction among a number of separate contractors no one of whom employed five or more workmen.

On the other hand, if the owner declines to take upon himself the business of erecting the building, and in good faith employs for that purpose a general contractor engaged in that business, the policy of the Act is satisfied by that substitution of another responsible employer in the place of the owner, and the owner does not, merely by making such a contract, become an "employer" under the Workmen's Compensation Act, or a "principal employer" under § 5345.

These conclusions appear to us to express the letter

and intent of the statute, and when applied to this case they produce the result that the judgment of the Superior Court was correct.

There is no error.

In this opinion the other judges concurred.