## John Crisanti v. The Cremo Brewing Company

Superior Court      New Haven County      File No. 70575

Memorandum filed March 31, 1949.

*Horace F. Trotta,* of New Haven, for the Plaintiff.

*Pelgrift, Dodd, Blumenfeld & Nair,* of Hartford, for the Defendant.

O'SULLIVAN, J. The defendant is engaged in the business of brewing and selling malt beverages. For the purpose of distributing its product, it maintains a fleet of fifteen trucks which handle 80 per cent of its entire deliveries and carry shipments throughout Connecticut and into a part of Massachusetts. The other 20 per cent of its deliveries is handled in part by Federal Motor Lines, Inc., which is engaged in the business of general trucking. The deliveries made by this carrier are to the distribution points in New York City.

On January 2, 1947, the plaintiff, while in the employ of the carrier, was engaged in loading one of the Federal's trailers which had entered the defendant's brewery yard and had been backed up to a loading platform. A conveyor had been placed in such a position that one end was on the platform while the other was in the trailer where the plaintiff was standing. Employees of the defendant were engaged in placing on the conveyor cases of malt beverages, and as they reached the position where the plaintiff stood he took them off to stack in tiers on the front end of the trailer. These cases contained hot bottles, so-called, which were likely to explode. The plaintiff had no inkling of this nor was he warned of any such danger, although the defendant's employees were well aware of the latent risk to which any handler of these cases was exposed. While in the act of removing them from the conveyor, the plaintiff was severely cut upon the chin by a piece of flying glass from a bottle which had just exploded. Under these facts, I find no difficulty in concluding that liability should be imposed on the defendant unless its second defense is sound.

This defense is to the effect that the plaintiff's right is fixed under the Workmen's Compensation Act on the ground that the defendant was his principal employer. General Statutes, Rev. 1930, § 5230 (Rev. 1949, § 7432). The plaintiff has no common-law right against the defendant and is limited to recover compensation under the act if (1) the relation of principal employer and contractor existed in work wholly or in part for the former; (2) the work was being performed on or about premises controlled by the principal employer; and (3) the work was a part or process in the trade or business of the principal employer. Brown v. Waterbury Battery Co., 129 Conn. 44, 47.

The first condition requires no discussion. It obviously has been established. As to the second, the plaintiff claims it is not present because, he maintains, he was standing on the floor of the trailer when injured and, hence, was not performing work on or about the premises controlled by the defendant. The trailer, regardless of who owned it, was, however, actually on the defendant's land, a circumstance which is ample to meet the second condition. To hold otherwise would hatch some strange birds of logic. For example, if the windowwasher in Fox v. Fafnir Bearing Co., 107 Conn. 189, had been standing, when injured, on a stepladder owned by his immediate employer, it would be inconceivable, it seems to me, that the result would have been

other than that which was reached. If the words "on the premises" can be narrowed to mean physical contact, then the words "about the premises" clearly bring the plaintiff within the second condition.

The third condition is the one which becomes the most perplexing in cases of this sort. It is often "a matter of extreme difficulty to decide whether the work in a given case falls within the designation of the statute." *Fox* v. *Fafnir Bearing Co.,* supra, 194. The question "whether an owner is within the designation of the statute is to be regarded as largely one of degree and of fact." *Bogoratt* v. *Pratt & Whitney Aircraft Co.,* 114 Conn. 126, 136; *Fox* v. *Fafnir Bearing Co.,* supra. "We have never attempted to define by a general statement the intent expressed by the legislature in its use of the words 'part or process in the trade or business' of the principal employer and have in fact in our opinions . . . suggested that it would be difficult to do so." *King* v. *Palmer,* 129 Conn. 636, 639. However, "If the work is of such a character that it ordinarily or appropriately would be performed by the principal employer's own employees in the prosecution of its business, or as an essential part in the maintenance thereof, it is a part or process of its work." *King* v. *Palmer,* supra, 641.

To apply these principles to the facts of this case leads inevitably to the conclusion that the work upon which the plaintiff was engaged, when injured, was such as to meet the third condition. He was applying himself to the stacking of cases in the trailer. That was a part of the defendant's business. Indeed, at the very moment when the accident occurred, some of the defendant's own employees, located, as they were, at the platform end of the conveyor, were actually participating in what the plaintiff was doing. Furthermore, the defendant owned and operated its own fleet of trucks which were loaded by its own employees and used for the same general purpose to which the trailer in question was being put, namely, the transportation of its products.

The special defense is good and judgment must enter for the defendant. If an appeal be taken and successfully pursued, it will save further litigation if I now find, as I do, that fair and adequate compensation as common law is $2391.25.