HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT *v.*
JULIUS PEZENIK ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and COMLEY, Js.

Argued November 7, 1950—decided January 23, 1951

*Maurice J. Magilnick,* with whom, on the brief, was *Frank Habansky,* for the appellant-appellee (plaintiff).

*James J. A. Daly* and *Daniel E. Brennan, Jr.,* with whom was *Edward L. Kelly,* for the appellant-appellee (named defendant).

JENNINGS, J. On September 27, 1939, the plaintiff instituted condemnation proceedings under General Statutes, Rev. 1930, § 5072 (Rev. 1949, § 7181). It

sought to condemn property belonging to the named defendant in Bridgeport for a housing development for families of low income. In accordance with the terms of the statute, the matter was referred to a committee on October 13, 1939, for the assessment of damages. The committee filed their report on December 4, 1939. Judgment was rendered on an amended report on July 26, 1948, and both parties appealed.

The case has been before the Superior Court for nearly ten years and has required the attention of nearly every judge of that court. It has far too strong a resemblance to the celebrated case of Jarndyce v. Jarndyce. There were five remonstrances to the reports of the committee, six recommittals and the pleadings and memoranda connected therewith. For reasons which will appear, the facts can be stated in summary fashion.

The original report of the committee fixed the damages at $147,100. The plaintiff then made application for possession of the property pending the proceedings, pursuant to General Statutes, Cum. Sup. 1939, § 1310e (Rev. 1949, § 7182). This application was granted upon the deposit by the plaintiff of $147,-100 in cash and a surety bond for $100,000. The plaintiff took possession of the property on January 16, 1940. The bond was subsequently surrendered. The award was increased as a result of the remonstrances and recommittals by two items aggregating $6155. On January 27, 1942, the court ordered the payment of two mortgages on the property aggregating $39,413.33. The ultimate (corrected) judgment was for $113,841.67 plus $62,831.39 interest, at 6 per cent, or a total of $176,673.06. A claim of the defendant for expenses amounting to $27,365.75 was disallowed.

The bulk of the plaintiff's brief is concerned with the form and substance of the remonstrances and the

action of the court thereon. The subject "References" is treated in chapter 16 of the Practice Book. The purpose of the rules in that chapter is to provide a less formal and more elastic method of finding facts, especially in relation to the time when hearings are held, than that which obtains in a regular hearing in court. An additional, very practical purpose is to relieve the court's crowded dockets of matters which can be tried by committees, auditors or referees. The conclusions of the committee on questions of fact are final, provided no error of law has been committed. Numerous provisions have been inserted to facilitate his work and to secure a just and complete result. For example, either party may request a finding of subordinate facts (§ 169); the report may be in the alternative (§ 170); the committee may correct or amend the report of his own motion or at the request of either party (§ 171); there are few time limitations.

As has been intimated, the object of obtaining a quick and conclusive finding was not attained in this case. It is probably impossible to fix the blame for this. It does appear that the plaintiff, who is objecting to the procedure adopted, was as much at fault as anyone. To take two examples at random, the defendant filed a remonstrance to the report on January 19, 1940, and the plaintiff did not plead thereto until June 21, 1940; the defendant filed another remonstrance on December 14, 1942, to which the plaintiff pleaded on April 10, 1943. The least justifiable, as well as the longest, interval was that between the filing of the motion for judgment on February 18, 1946, and the judgment on July 26, 1948. The record furnishes no explanation of this delay of nearly two and one-half years. No reason is apparent why the plaintiff could not have claimed the motion for hearing at any time. The claim of the plaintiff that the large amount of in-

terest was due to the delaying tactics of the defendant loses force when these facts are considered.

Be this as it may, the dilatory course pursued has resulted in a committee report which, as far as appears from the record, decided all controverted questions of fact correctly and completely. Neither party makes claim to the contrary on the merits. It is clear that the remonstrances and motions to recommit filed by the defendant did not always conform to the rules and that if the court had overruled or denied them its action must have been sustained. The court, by the exercise of unlimited patience, was able to work out the result described with the assistance of the committee as a fact-finding body. That result should not be upset now on technical grounds. The court has a broad discretion in deciding these matters. *Cinaudagraph Corporation* v. *Cornwell*, 129 Conn. 295, 299, 27 A. 2d 375; *Fox* v. *South Norwalk*, 85 Conn. 237, 240, 82 A. 642. Practice Book, § 423, is applicable in spirit. It reads: "Rules to be liberally interpreted. The design of these rules being to facilitate business and advance justice, they will be interpreted liberally by this court in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." The plaintiff takes nothing by its attacks on the action of the trial court on the remonstrances and motions to recommit.

The plaintiff also assigns error in the allowance of interest, primarily on the ground that the amount fixed as damages in the original committee report was paid into court. This payment was made in connection with a collateral proceeding under General Statutes, § 7182. That section provides that, when it shall appear to the satisfaction of the court at any stage of condemnation proceedings that the public interest will be prejudiced by delay, it may direct that the plain-

tiff be permitted to enter immediately upon the real property to be taken, upon the deposit with the court of a sum to be fixed by the court. It is obviously the intent of the statute that such a deposit is to be held as security for the payment of any damages which may be later assessed. It is in no sense a tender or tender of judgment, because the plaintiff by making the deposit is not thereafter precluded from contending that the damages should be less than the amount deposited. A tender must be unconditional and unqualified. *San-ford* v. *Bulkley*, 30 Conn. 344, 349. The payment into court did not operate as a tender to stop the running of interest. The statute itself provides that the amount so paid "shall be applied . . . to the payment of any award that may be made with interest thereon from the date of the entry of the petitioner upon such real property." In the collateral proceeding in which the defendant was deprived of the use of his property, he was given no right to obtain possession of the fund deposited. He did have the right to receive, in lieu of the possession of his property, such sum as should later be fixed as the value of that property plus interest thereon from the date when he was deprived of possession. *Clark* v. *Cox*, 134 Conn. 226, 229, 56 A. 2d 512.

The claim is invalid for another reason. The undisputed finding reads as follows: "The basic question presented in argument was concerned with the amount of interest to which Pezenik was entitled. The plaintiff conceded that Pezenik was entitled to interest but urged that it should be computed at 2¾% rather than at 6%." The matter is put even more strongly in the court's memorandum: "This assignment challenges the right of the court to include interest in the judgment. No such claim was made at the time the motion for judgment was argued. On the contrary, counsel for

the plaintiff expressly conceded that interest was proper." The point was raised at the time when new counsel was engaged to take the appeal.

This court is not bound to consider claims of law not made upon the trial. Practice Book §§ 363, 157. It will not ordinarily do so. *Federal Finance Co.* v. *Forman Properties, Inc.*, 135 Conn. 153, 158, 62 A. 2d 516; Conn. App. Proc. § 44. This is true even though the claims involve the constitutionality of a statute. *Card* v. *Bissing*, 114 Conn. 71, 76, 157 A. 644. It is unnecessary to rely exclusively on this principle because the fact that the defendant was entitled to interest was expressly conceded. The action of the trial court was induced by the plaintiff. *Staff* v. *Hawkins*, 135 Conn. 316, 320, 64 A. 2d 176; *Ratti* v. *P. Berry & Sons, Inc.*, 98 Conn. 522, 524, 119 A. 894; Conn. App. Proc. § 21(b). The trial court was entitled to follow the theory on which the case was tried. *Alexander* v. *Alexander*, 107 Conn. 101, 106, 139 A. 685; see Conn. App. Proc. § 22. A party is bound by a concession made during the trial by his attorney. *Kiss* v. *Kahm*, 132 Conn. 593, 595, 46 A. 2d 337; *Russell* v. *Lassoff*, 125 Conn. 736, 737, 7 A. 2d 435; *State* v. *Tuller*, 34 Conn. 280, 294; 9 Wigmore, Evidence (3d Ed.) §§ 2594, 2597. The employment of new counsel does not affect the validity of a concession made. *Smith* v. *Whittier*, 95 Cal. 279, 289, 30 P. 529. It is difficult to see how a trial court could be found in error under these circumstances. There is no suggestion in the record or briefs as to why a rate of 2¾ per cent rather than the usual 6 per cent should be imposed. General Statutes § 6778. The inclusion of interest in the judgment was proper. There is no error on the plaintiff's appeal.

The defendant appeals from a refusal of the trial court to allow his expenses. He attached a schedule of seven items to his motion for judgment amounting to

$27,365.75. He based his claim to this amount on § 7182, which provides that the fund deposited when a condemnor goes into possession pending the proceedings shall be applied to the payment of the amount of the award with interest "and the costs and expenses of the proceeding."

The provision for the payment of costs and expenses of the hearing appears in substantially the same form in § 7181 and its predecessors, General Statutes, Rev. 1930, § 5072, and Rev. 1918, § 5186. The latter section was construed in *Waterbury* v. *Macken,* 100 Conn. 407, 411, 124 A. 5, where it was said (p. 413): "The costs and expenses of the hearing provided for in § 5186 are not those incurred by the defendant, but those incurred by the committee. . . ." See also *New Milford Water Co.* v. *Watson,* 75 Conn. 237, 249, 53 A. 57. The purpose of both § 7181 and § 7182 is to implement the power of eminent domain. We cannot hold that the General Assembly had any intention of laying down a rule of recovery in the case where the condemnor goes into possession before the amount due is definitely determined different from that in the case where he awaits the final result. It is true that there is another provision in § 7182 that the sum deposited "shall be applied to the payment of any damages which the defendant may have sustained by such entry upon and use of his property, and his costs and expenses of the proceedings." This provision, however, applied only in case "the petition should be dismissed, or no award should be made, or the proceedings should be abandoned by the plaintiff." It therefore has no bearing on this case. There is no error on the defendant's appeal. Interest reipublicae ut sit finis litium.

There is no error on either appeal.

In this opinion the other judges concurred.