JOSEPH GRENIER *v.* RENALD GRENIER ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued February 7—decided March 4, 1952

*Morton E. Cole,* with whom, on the brief, were *A. Arthur Giddon* and *Arthur T. Nichols,* for the appellant (plaintiff).

*William B. Fitzgerald,* for the appellees (defendants).

JENNINGS, J. The plaintiff, a claimant under the workmen's compensation law, was denied compensation on the ground that his work for a contractor on a building was not "a part or process in the trade or business" of the owner under § 7423 of the General Statutes. He has appealed on the principal ground that the finding does not support this conclusion.

The finding, which is not subject to correction, may be summarized as follows: Barreuther Brothers, Inc., hereinafter called the defendant, owns and runs an automobile sales and repair business in Winsted. It uses two buildings and the first floor of a third. In 1949 it decided to remove the two upper stories of the three-story building and to remodel the ground floor. To accomplish this it engaged a wrecking company, under a written contract, to remove the two upper stories; a carpenter contractor to construct a wooden roof on the building while the demolition was in progress; and the G. & G. Roofing Company, under a written contract, to put weatherproofing material on the wooden roof. The plaintiff was injured while working for the roofing company on this job. The roofing company was subject to the Workmen's Compensation Act but had not insured its liability.

The defendant engaged each of the several contractors to carry out the part of the project for which each was hired. It exercised no control over the work to be done and gave no instructions as to the manner in which it should be performed. Each contractor was

paid for the work performed, and the individual employees of the contractors were not paid by the defendant. The work done by the plaintiff was not of such a character that it ordinarily or appropriately would be performed by the defendant's employees.

The commissioner concluded that while the plaintiff's work was performed in or about premises under the control of the defendant it was not a part or process in the trade or business of the defendant within the meaning of General Statutes, § 7423, and dismissed the claim. The Superior Court, on appeal, affirmed this decision.

Since the finding must stand, the issue may be stated as follows: Was the commissioner justified in concluding that the work on which the plaintiff was engaged was not a part or process in the trade or business of the principal employer, a condition of recovery under the statute? This is a question of degree and fact. *Bogoratt* v. *Pratt & Whitney Aircraft Co.*, 114 Conn. 126, 136, 157 A. 860; *Johnson* v. *Robertson Bleachery & Dye Works, Inc.*, 136 Conn. 698, 704, 74 A. 2d 196. It has been frequently before this court. Most of the cases are collected in *Crisanti* v. *Cremo Brewing Co.*, 136 Conn. 529, 532, 72 A. 2d 655, *Bown* v. *Waterbury Battery Co.*, 129 Conn. 44, 47, 26 A. 2d 467, and *King* v. *Palmer*, 129 Conn. 636, 30 A. 2d 549. In the *King* case, the difficulty of formulating a general rule was pointed out but after a review of our cases the following test was evolved (p. 641): If the work is of such a character that it ordinarily or appropriately would be performed by the principal employer's own employees in the prosecution of his business, or as an essential part in the maintenance thereof, it is a part or process of his work.

All of our cases will answer to this test with the possible exception of *Bello* v. *Notkins*, 101 Conn. 34, 124

A. 831, principally relied on by the plaintiff. In that case the plaintiff was working for an independent contractor on a house which the defendant was building for his own use. The fact that the business of the defendant was building houses may have influenced the commissioner in deciding for the plaintiff. The case contains certain general statements which are contrary to the decisions in the *Bown* and *King* cases. In so far as those statements conflict with these decisions, they are overruled. See also *Bogoratt* v. *Pratt & Whitney Aircraft Co.*, supra, 138. The principle for which the *Bello* case is most frequently cited still stands: "The special purpose of [§ 7423] is to protect employees of minor contractors against the possible irresponsibility of their immediate employers, by making the principal employer who has general control of the business in hand liable as if he had directly employed all who work upon any part of the business which he has undertaken to carry on." *Bello* v. *Notkins*, supra, 38; *King* v. *Palmer*, supra, 640. The principle will not apply, however, unless the conditions laid down in the statute as interpreted in the *King* case are found to exist. For cases from other jurisdictions see notes, 58 A. L. R. 872, 882, 105 A. L. R. 580, 588, 150 A. L. R. 1214, 1226.

In the case at bar the work being done by the plaintiff was not of such a character that it would ordinarily be performed by the employees of the defendant or as an essential part in the maintenance of its business. The commissioner could reasonably reach the conclusion that the work was not a part or process in the defendant's business.

There is no error.

In this opinion the other judges concurred.