DOMINICK BATTISTELLI *v.* CONNOHIO, INC., ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued March 11—decided April 15, 1952

*Clarence A. Hadden,* with whom, on the brief, was *William L. Hadden,* for the appellants (defendants).

*Aram H. Tellalian, Jr.,* with whom was *Robert S. Tellalian,* for the appellee (plaintiff).

JENNINGS, J. The principal question in this case may be stated as follows: Can the plaintiff recover damages at common law for an injury caused by the negligence of the defendants or is he limited to an award under the workmen's compensation law on the theory that the defendants were his principal employers? The case was tried to the jury and the plaintiff had a verdict. The defendants appealed from the denial of their motion to set aside the verdict and from the judgment.

The jury reasonably could have found the following facts: The defendants were engaged in manufacturing ice, including crushed ice. Their ice-crushing machine was powered by an electric motor. The wires were in a conduit. About May 1, 1948, a short circuit de-

veloped in the wires near the motor. The defendants' employees temporarily repaired the defect by running wires around the defective section. On May 21, the defendants contracted with George J. Steinhardt, Inc., to have the wires in the conduit replaced. The Steinhardt company was the employer of at least twenty-four electricians, including the plaintiff. He was sent to the defendants' plant to do the job. This consisted of shutting down the machine, disconnecting the temporary wiring, pulling out the defective wiring, disassembling and reassembling the conduit, inserting the new feed, ascertaining the direction of the motors and doing a three-phase rewiring job. The work was dangerous and required the services of a skilled electrician. The job was started at 11 a. m. and completed at 4 p.m. except for the replacing of a cover on a fitting. While attaching the latter the plaintiff was injured by a traveling crane operated by an employee of the defendants. The negligence of the defendants and the due care of the plaintiff were not in dispute.

The defendants claim that General Statutes, § 7423,[1] applies. "The special purpose of [§ 7423] is to protect employees of minor contractors against the possible irresponsibility of their immediate employers, by making the principal employer who has general control of the business in hand liable as if he had directly employed all who work upon any part of the business which he has undertaken to carry on." *Bello* v. *Notkins*, 101 Conn. 34, 38, 124 A. 831. The statute con-

---

[1] Sec. 7423. PRINCIPAL EMPLOYER, CONTRACTOR AND SUBCONTRACTOR. When any principal employer shall procure any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done shall be a part or process in the trade or business of such principal employer, and shall be performed in, on or about premises under his control, then such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor.

tains three conditions: (1) the relation of principal employer and contractor must exist in work wholly or in part for the former; (2) the work must be on or about premises controlled by the principal employer; (3) the work must be a part or process in the trade or business of the principal employer. *Bown v. Waterbury Battery Co.*, 129 Conn. 44, 46, 26 A. 2d 467. The facts show that the first two conditions were met. The question arises on the third.

As is stated in a very recent comparable case, *Grenier v. Grenier*, 138 Conn. 569, 571, 87 A. 2d 148, which refers to most of our cases, the question is one of degree and fact. The test there applied is valid in the case at bar: If the work is of such a character that it ordinarily or appropriately would be performed by the principal employer's own employees in the prosecution of his business, or as an essential part in the maintenance thereof, it is a part or process of his work. When this test is applied, it is obvious that the intricate character of the job and the special skill required put it well outside of the capabilities of the defendants' ordinary employees. The jury reasonably could have concluded that the work was not a part or process in the trade or business of the defendants. There was no error in the denial of the motion to set aside the verdict.

The finding cannot be corrected in any way which will advantage the defendants. The statement of facts, about which there was no serious dispute, sufficiently describes the offers of proof of the parties.

In their appeal from the judgment, the defendants first claim that the court should not have submitted the issue under § 7423 to the jury. Under the somewhat peculiar facts in the case at bar, it is unnecessary to decide this claim. It cannot avail the defendants since they requested in writing that the issue be sub-

mitted to the jury. It is true that the defendants also asked for what amounted to a directed verdict, but the two requests were not in the alternative. Action induced by an appellant cannot be made a ground of error. *Housing Authority* v. *Pezenik*, 137 Conn. 442, 448, 78 A. 2d 546; *Ratti* v. *P. Berry & Sons, Inc.*, 98 Conn. 522, 524, 119 A. 894; *Andrews* v. *Dougherty*, 96 Conn. 40, 46, 112 A. 700; *Stevens* v. *Kelley*, 66 Conn. 570, 577, 34 A. 502; Maltbie, Conn. App. Proc., § 21(b).

The defendants' claim that, as a matter of law, the injury of the plaintiff was incurred while he was engaged in work which was a part or process of their business is disposed of by the discussion of the decision on the motion to set aside the verdict. The other exceptions to the charge are too technical to deserve extended consideration. As noted above and by the trial court in its memorandum, the question on "a part or process" has been defined as one of degree and fact. In its charge, the court gave the jury a number of illustrations, taken from our cases, to assist them in reaching a decision. They were told that "no one of these factors or tests mentioned by itself exclusively is necessarily determinative of this question, but you should consider the whole evidence, as I have said, and apply it to the law as I have given it to you as pertaining to this issue and thus decide it." Read as a whole, the charge was "correct in law, adapted to the issues and sufficient for the guidance of the jury." Maltbie, Conn. App. Proc., § 48; *Water Commissioners* v. *Robbins*, 82 Conn. 623, 636, 74 A. 938. The defendants take nothing by their appeal from the judgment.

There is no error.

In this opinion BROWN, C. J., BALDWIN and O'SULLIVAN, Js., concurred.

INGLIS, J. (concurring). I am unable to agree with

that portion of the opinion which holds that the defendants are estopped by their requests to charge to claim now that the issue under § 7423 should not have been submitted to the jury but should have been decided by the court as a matter of law. It is true that they requested a charge to the effect that the question whether the work in which the plaintiff was engaged was a part or process of the defendants' business was one for the jury to decide and that in passing upon it the jury should apply the test whether it was work which the defendants' own employees would ordinarily or appropriately perform. It is also true, however, that the defendants filed another request. That was that the court charge as a matter of law that the work was a part or process of the defendants' business. In other words, it is now clear and must have been clear to the trial court that the defendants were making these two requests in the alternative.

The reason for our rule that a party will not be heard in this court to make claims inconsistent with those he made on the trial is that the trial court has the right to rely upon representations and concessions made by the parties, and no party can justly complain of any ruling which has been induced by his own claims. *Housing Authority* v. *Pezenik,* 137 Conn. 442, 448, 78 A. 2d 546. In the present case, the trial court could not have been misled into a belief that the defendants were not claiming that, as a matter of law, the work in which the plaintiff was engaged was a part or process of the defendants' business. That claim was stated clearly in a request to charge. The position of the defendants was that they were requesting a charge giving the jury a test to apply to determine the issue as one of fact only in the event that the trial court decided that the question was not one of law. That they were taking that position was made perfectly

plain. A party is entitled to make alternative claims even though they involve different theories. The fact that he has done so, if thereby he has not misled the court, ought not to preclude him in this court from pursuing both theories. The reason for the rule invoked by the majority of the court does not obtain in this case. Therefore, the rule itself does not apply.

Although I disagree with my associates in that particular, I come to the same result in the case as a whole, namely, that there was no error in leaving to the jury the determination of the question whether the work in which the plaintiff was engaged was a part or process of the defendants' business. We have frequently referred to such a question as being largely one of degree and fact. *Fox* v. *Fafnir Bearing Co.,* 107 Conn. 189, 194, 139 A. 778; *Bogoratt* v. *Pratt & Whitney Aircraft Co.,* 114 Conn. 126, 136, 157 A. 860; *Johnson* v. *Robertson Bleachery & Dye Works, Inc.,* 136 Conn. 698, 704, 74 A. 2d 196. We have also said that "no one exclusive test can be set up and . . . each case must be determined on its own facts." *Crisanti* v. *Cremo Brewing Co.,* 136 Conn. 529, 532, 72 A. 2d 655. The decision of the question involves not only a determination of the primary facts but also the drawing of a conclusion from those facts as to whether the work was such that it was a part or process of the claimed principal employer's business. Such a conclusion is one of fact. Accordingly, where there is room for reasonable men to differ either in their findings of primary facts or in their drawing of a conclusion therefrom, the case involves issues of fact which must be submitted to the jury. In the present case, it cannot be said that no reasonable man could conclude that the work being done by the plaintiff was not a part or process of the defendants' business. The defendants were not harmed by the court's submission of the issue to the jury.