[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT ISLAND VIEW DEVELOPMENT CORPORATION'S MOTION FOR SUMMARY JUDGMENT (#207)
This negligence action has been brought by the plaintiff seeking money damages for injuries allegedly suffered in a fall at a construction site in Branford, Connecticut, on September 8, 1987. Named as defendants are Walter B. Moore Builders, DBA (Moore), and Island View Development Corporation (Island View).
The pleadings and documentary evidence establish the following facts. The defendant Island view was the owner of real property in Branford on which it was constructing 240 condominium units for sale. As part of the construction project, Island View hired several subcontractors to perform various aspects of the construction. Included among the subcontractors were Quality Associates, Inc. (Quality), hired to do the plumbing installation, and Moore, to do the framing and carpentry work. The plaintiff, while working as a plumber for Quality, fell on stairs built by Moore. The plaintiff has brought this negligence action against Island View, as owner of the premises, and Moore, for alleged negligence in the construction of the stairs on which the plaintiff fell. The first count is directed at Moore and the second count at Island View. The plaintiff filed a workers' compensation claim against Quality, has been paid benefits, and Quality has filed an intervening complaint in this action seeking reimbursement of the amounts it has paid or will be obligated in the future to pay to the plaintiff.
Island View has filed a second special defense as follows: CT Page 7371
 The defendant, Island View Development Corporation, was the plaintiff's principal employer and thus the plaintiff's action against this defendant is barred by the principal employer doctrine, Connecticut General Statutes Section 31-291.
Before the court at this time is Island View's motion for summary judgment on the second count based on its second special defense.
A summary judgment is granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. The trial court "must view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242, 247,571 A.2d 116 (1990). The function of the trial court is to determine whether an issue exists, not to try it if it does. Forgarty v. Rashaw, 193 Conn. 442, 444, 476 A.2d 582 (1984). A party's motion for summary judgment is "properly granted if it raises at least one legally sufficient defense that would bar the [opposing party's] claim and involves no triable issue of fact." Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 543,494 A.2d 555 (1985).
The basis for what is known as the principal employer defense is General Statutes 31-291, which, at the time of the alleged accident in this case, provided as follows:
 When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor. CT Page 7372
In the event that Island View is determined to be the principal employer of the plaintiff pursuant to the statute, the result is that the plaintiff will be barred as a matter of law from prosecuting this common law action.
 . . . 31-291 [provides] that a principal employer . . . is liable to pay workers' compensation benefits for injuries sustained by an employee not on its own payroll, and the employee is barred from any common law action against the principal employer, just as he would be barred from suit against his immediate employer. Mancini v. Bureau of Public Works, 167 Conn. 189, 193, 355 A.2d 32
(1974); Kasowitz v. Mutual Construction Co., 154 Conn. 607, 611, 228 A.2d 149
(1967). We have consistently held that the exclusivity provisions of the Workers' Compensation Act operate as a total bar to actions brought by employees against their employers for job related injuries. See, e.g., Sharp v. Mitchell, 209 Conn. 59, 66, 546 A.2d 846 (1988); Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 532, 494 A.2d 555 (1985); Mingachos v. CBS, Inc., 196 Conn. 91, 98, 491 A.2d 368
(1985); Jett v. Dunlap, 179 Conn. 215, 217, 425 A.2d 1263 (1979). This bar operates whether or not the employee actually collects compensation from the principal employer. [Id.]
 The purpose of 31-291 "`is to protect employees of minor contractors against the possible irresponsibility of their immediate employers, by making the principal employer who has general control of the business in hand liable as if he had directly employed all who work upon any part of the business which he has undertaken to carry on.' Bello v. Notkins, 101 Conn. 34, 38, 124 A. 831
[1924]." Battistelli v. Connohio, Inc., 138 Conn. 646, CT Page 7373 648, 88 A.2d 372 (1952).
Squeglia v. Milne Construction Co., 212 Conn. 427, 432.
In order for the principal employer defense to be successfully pleaded there are three necessary elements which must be proven.
 The statute contains three conditions: (1) The relation of principal employer and contractor must exist in work wholly or in part for the former; (2) the work must be on or about premises controlled by the principal employer; (3) the work must be a part or process in the trade or business of the principal employer. Brown v. Waterbury Battery Co., 129 Conn. 44, 46, 26 A.2d 467." Battistelli v. Connohio, Inc., 138 Conn. 646, 648, 88 A.2d 172.
Kasowitz v. Mutual Construction Co., 154 Conn. 607, 611.
The only claim made by the plaintiff in its brief in opposition to the motion for summary judgment is that the second element of the principal employer defense, that the work must be on or about premises controlled by the principal employer, has not been satisfied. Based on the pleadings and documentary evidence filed in support of the motion for summary judgment, it is apparent that the first and third elements have been satisfied, and the plaintiff has not made any claim to the contrary with respect to these elements.
In order to satisfy the second element of the principal employer defense, Island view must establish that there is no genuine issue of material fact with respect to its claim that the in jury occurred on premises controlled by Island view. The term "control", as it is used in the statute, has been interpreted as referring to the work area in general.
 The second condition, that the work "be performed in, on or about premises under his [the principal employer's] control," has been a controlling factor in the decision of four cases in this CT Page 7374 state. [citations omitted] In Wilson v. Largay Brewing Co., supra, we discussed the rationale requirement of the statute. We quoted (p. 111) from Back v. Dick Kerr Co., [1906] A.C. 325, 333, the English statute being similar to our own, as follows: ". . . it is necessary in order to satisfy the words of s. 7, to hold that the employment in which the workman must be carried on in some defined or ascertainable physical area and that at the time of the accident he must have been working `on or in or about' that area. . . ." We then went on to say: "Most compensable injuries are due to conditions of employment the danger from which could be prevented or minimized by sufficient oversight or control. The underlying purpose of the restriction as to the place of employment in the `various acts was obviously to limit liability to those situations where such conditions might be assumed to be largely within the control or observation of the princial [principal] employer." To that we now add that the fundamental and principal intent of the legislature in using the phrase in question was to limit the principal employer's responsibility for accidents to such accidents as occurred within a definite, specified area. The use of the phrase "under his control" is merely descriptive of that area. It is used instead of such words as "owned by him" or "in his possession" in order to describe the area in a more inclusive fashion. The emphasis is upon limitation of the area within which the accident must happen rather than upon actual control of the implements which caused the accident.
Crisanti v. Cremo Brewing Co., 136 Conn. 529, 534. CT Page 7375
In connection with the factual issue concerning control of the accident premises, it is to be noted that the plaintiff has alleged that he fell in Unit T-228 of the condominium project, and has furher [further] alleged that the project, including Unit T-228 was owned, possessed, and controlled by Island view. In addition this fact is also asserted in the affidavit of an officer of Island view filed in support of the instant motion.
The court finds that the defendant Island view has established that there is no genuine issue of material fact relative to its second special defense, and that judgment should enter as a matter of law in favor of that defendant on the second special defense.
The motion for summary judgment filed on behalf of the defendant, Island View Development Corporation (#207), is granted.
Hadden, J.