[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#113)
On November 15, 1993, the plaintiff, Maria Cedeno, filed a one count complaint against the defendant, Warner Lambert Co. In this action, Cedeno seeks to recover for the injuries she sustained while working for Sanitary Maintenance Service, Inc. on the property owned by Warner Lambert. On November 19, 1993, pursuant to General Statutes § 31-293, Sanitary Maintenance Service, Inc. intervened as a co-plaintiff to recover workers' compensation benefits that it had paid to Cedeno. On November 28, 1994, Warner Lambert filed an amended answer and two special defenses; the second special defense alleged that workers' compensation is Cedeno's sole remedy.
On March 28, 1995, Warner Lambert filed a motion for summary judgment on the complaint and a memorandum of law. Warner Lambert did not include any affidavits or other documentary evidence with its motion for summary judgment. On April 7, 1995, Cedeno filed a memorandum in opposition to the motion for summary judgment. On April 21, 1995, Warner Lambert filed a reply memorandum. On May 8, 1995, Warner Lambert filed a supplemental memorandum. On May 8, 1995, Cedeno also filed a reply memorandum.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Barrett v. Danbury Hospital, 232 Conn. 242, 250, ___ A.2d ___ (1995). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving CT Page 6877 party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994).
In its memoranda of law, Warner Lambert argues that someone who is injured in the course of their employment has no cause of action against the property owner for injuries suffered in the course of their employment. Warner Lambert argues that workers' compensation is the exclusive remedy for this injured worker. The basis for this argument is Ray v. Schneider, 16 Conn. App. 660,548 A.2d 469, cert. denied, 209 Conn. 822, 551 A.2d 756 (1988) and Kylev. Connecticut Development Authority, 11 Conn. L. Rptr. 606, 607 (June 7, 1994, Leuba, J.)
In Cedeno's memoranda of law, she argues that property owners are liable for their negligence. To the plaintiffs, Ray v.Schneider, supra, is distinguishable because Ray involved an attempt to make a property owner liable for the negligence of its independent contractor by the doctrine of vicarious liability. In this case, Cedeno argues that Warner Lambert, not any independent contractor, was negligent.
Citing General Statutes § 31-291, Cedeno also argues that a principal employer may take advantage of the workers' compensation exclusivity bar only if the principal employer has paid workers' compensation benefits. Warner Lambert has not presented any evidence of its payment. Cedeno raised this argument at oral argument and in its reply memorandum. Warner Lambert addressed the applicability of General Statutes § 31-291 in its supplemental memorandum.
"When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor. The provisions of this section shall not extend immunity to any principal employer from a civil action brought by an injured employee or his dependent under the provisions of section 31-293 to recover damages resulting from personal injury or wrongful death occurring on or after May 28, 1988, unless such principal employer CT Page 6878 has paid compensation benefits under this chapter to such injured employee or his dependent for the injury or death which is the subject of the action."
General Statutes § 31-291.
The purpose of General Statutes § 31-291 "is to protect employees of minor contractors against the possibleirresponsibility of their immediate employers, by making the principal employer who has general control of the business in hand liable as if he had directly employed all who work upon any part of the business which he has undertaken to carry on." Battistelli v.Connohio, Inc., 138 Conn. 646, 648, 88 A.2d 372 (1952).
Cedeno's argument raises a genuine issue of material fact that precludes granting a motion for summary judgment. Warner Lambert has not proven that it is Cedeno's principal employer and moreover, even if Warner Lambert is Cedeno's principal employer, Warner Lambert has not demonstrated that Sanitary Maintenance Service, Inc. has paid workers' compensation benefits. Although Cedeno has not submitted any affidavits on her own behalf, the non-movant may still contest the motion for summary judgment. Even "the failure [of the adverse party to file opposing documentary proof] does not bar [her] from attacking the sufficiency of the movant's affidavit and other proof." McGillicuddy v. Ciga Plus, Inc., 7 CSCR 323
(January 29, 1992, Wagner, J.), citing Evans Products Co. v.Clinton Building Supply Inc., 174 Conn. 512, 514-18, 391 A.2d 157
(1978).
Warner Lambert has not met its burden of proof. See Suarez v.Dickmont Plastics Corp., supra, 229 Conn. 105. The motion for summary judgment is denied.
FORD, JUDGE