Derrold E. BARKER, Plaintiff,

v.

Adolph J. LUNA, doing business as Luna Construction Company, the United States of America, Roger L. Paine, McConaughy, Paine, Krieger, Inc., also known as McConaughy, Paine and Associates, Inc., a California Corporation, Hartford Accident and Indemnity Company, a Connecticut Corporation, Jay Gibbs, doing business as Gibbs Painting Co., J. Douglas Carter, Raycron, Inc., a California Corporation, doing business as Spider Staging Distributing Co., Spider Staging Sales Company, a Washington Corporation, ABC Corporation, John Doe, and Mary Roe, Defendants.

Adolph J. LUNA, Third-Party Plaintiff,

v.

Jay GIBBS, doing business as Gibbs Painting Co., and J. Douglas Carter, Third-Party Defendants.

Civ. No. R–75–91 BRT.

United States District Court,
D. Nevada.

Nov. 8, 1977.

Derrold E. Barker (plaintiff), Thornton, Stephens, Atkins & Kellison, Reno, Nev., for plaintiff.

Law Offices of Leslie B. Gray, Reno, Nev., for Luna.

Lawrence J. Semenza, U. S. Atty., Reno, Nev., for United States.

Laxalt, Berry & Allison, Carson City, Nev., for Paine.

Wait, Shamberger, Georgeson & McQuaid, Reno, Nev., for Hartford.

Hibbs & Newton, Reno, Nev., for Gibbs.

Fahrenkopf, Mortimer, Sourwine, Mousel & Pinkerton, Reno, Nev., for Spider.

## ORDER DENYING SUMMARY JUDGMENT

BRUCE R. THOMPSON, District Judge.

This is an action by Derrold E. Barker against Adolph J. Luna, d. b. a. Luna Construction Company (Luna), the United States of America and others to recover damages for personal injuries suffered by Barker when he fell from a scaffolding while painting the exterior of the Veterans Administration Hospital in Reno, Nevada. Barker was an employee of Luna. The United States was sued pursuant to the provisions of the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.). The United States has made a motion for summary judgment.

On or about May 8, 1973, the U.S. Small Business Administration (SBA) as prime contractor entered into a construction contract with the Veterans Administration Hospital at Reno, Nevada, whereby the SBA undertook to sandblast and paint the exterior wall surfaces of the hospital. This contract was negotiated pursuant to the

policies and authority enunciated in 15 U.S.C. § 637(a)(1) and (2), and 15 U.S.C. § 637(d)(1) which authorized and directed the SBA to develop a small business subcontracting program in aid to small business. Thereafter a sub-contract was consummated between SBA and Luna Construction Company for performance of the work.

Luna neglected to obtain coverage for his employees under the Nevada Industrial Insurance Act. (NRS 616.010, et seq.). Consequently, Barker received no industrial insurance compensation for his injuries but is entitled to the benefits accruing to an employee of a non-covered employer. Under the Nevada law these include a presumption that the negligence of the employer was a proximate cause of the injury and the abrogation of the common law defenses of assumption of risk, contributory negligence, and negligence of co-employee. N.R.S. 616.375.

 In support of the motion for summary judgment the government contends that Luna was an independent contractor and that the limited waiver of sovereign immunity accomplished by the Federal Tort Claims Act expressly excludes contractors with the United States as "federal agencies" and thus negates the contention that plaintiff was injured by the negligent or wrongful act or omission of an employee of the government (28 U.S.C. § 1346(b)). The definition of "federal agency" in 28 U.S.C. § 2671 states specifically "but does not include any contractor with the United States." The Supreme Court in *United States v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976), expressly relied on the independent contractor exception to hold the United States not amenable to suit under the Tort Claims Act.

The plaintiff counters this argument with the contention that the United States (that is, the SBA) was the statutory employer of the plaintiff liable to plaintiff under the provisions of the Nevada Industrial Insurance Act (NRS 616.085), which states: "Subcontractors and their employees shall be deemed to be employees of the principal contractor." In the instant case the SBA is the principal contractor and Luna the subcontractor and for the purposes of the Nevada Industrial Insurance Act plaintiff Barker is deemed to be an employee of the SBA.

In *Simon Service v. Mitchell*, 73 Nev. 9 (1957), 307 P.2d 110, the Nevada Supreme Court said:

"The very purpose of NRS 616.085 is, at least in part, to protect the employees of subcontractors against the possible irresponsibility of their immediate employers by making the principal contractor or principal employer having general control of the construction liable as if he had directly employed every workman on the job. *Bello v. Notkins*, 101 Conn. 34, 124 A. 831."

The issue presented is a novel and difficult one. The Ninth Circuit decision in *Kirk v. United States*, 232 F.2d 763 (9 Cir. 1956), dealt with the problem of whether the United States, which had contracted for the construction of a dam, was an employer within the meaning of the Idaho Workmen's Compensation law and thus immune from liability for third party negligence. The court concluded that the United States was not an employer and was suable under the Federal Tort Claims Act. The case is helpful because of the approach adopted by the court in its analysis of the problem. It emphasized that under the Tort Claims Act the government could be liable only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred", Title 28 sec. 1346(b), and only "in the same manner and to the same extent as a private individual under like circumstances" Title 28 sec. 2674. The court then proceeded to a very detailed analysis of the Idaho statute and found that the United States could not be considered to be an employer within the meaning of the Idaho law because: (1) there was no provision in the statute defining it as such, and (2) if a private person, the activities of the government would be exempt under certain provisions of the statute.

Using a like approach to a solution, in the present case the opposite conclusion should result. Under the facts the Nevada law (NRS 616.085, supra) expressly defines the principal contractor as an employer and there are no exceptions in the law which would exempt the United States if it were a private individual. If the United States (the SBA) were a private individual, under Nevada law it is subject to suit. N.R.S. 616.375(1): "If any employer within the provisions of N.R.S. 616.285 fails to provide and secure compensation under this chapter, any injured employee or his dependents may bring an action at law against such employer for damages as if this chapter did not apply."

The case of *Roelofs v. United States*, 501 F.2d 87 (5 Cir. 1974) involved the converse of our problem. There suit was brought under the Federal Tort Claims Act against the United States by an injured employee of an independent contractor and the government claimed that it was immune from suit as a "statutory employer" under the provisions of the Louisiana Workmen's Compensation Statute. There the contractor had obtained compensation coverage, and, like the Nevada law, the Louisiana statute made compensation under the act the sole remedy against any employer. The Fifth Circuit accorded the United States immunity from suit as a statutory employer within the meaning of the Louisiana law. The Circuit Court rejected the reasoning of

the District Judge that "to permit the government to raise the defense envisioned by the statute was the equivalent of the Government subjecting itself to suit under a local compensation system—an unauthorized waiver of sovereign immunity not contemplated by Congress." (501 F.2d at 89). Thus, by implication at least, if this action were in the Fifth Circuit the government would be held liable as a statutory employer.

We also have observed that Congress has specifically announced the policy that State Workmen's Compensation laws should be applied to "all projects, buildings, constructions, improvements, and property belonging to the United States (40 U.S.C. § 290) *. To hold the United States responsible as a statutory employer of plaintiff in this case is consistent with such declared policy.

It is a matter of concern, of course, that the Congress has enacted a comprehensive United States Employees' Compensation Act (5 U.S.C. § 8101, et seq.) covering compensation for injured government employees. The Act provides that the remedies and compensation provided by the Act with respect to injury or death of a federal employee are exclusive. 5 U.S.C. § 8173. "This liability is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from

---

* "Whatsoever constituted authority of each of the several States is charged with the enforcement of and requiring compliances with the State workmen's compensation laws of said States and with the enforcement of and requiring compliance with the orders, decisions, and awards of said constituted authority of said States shall have the power and authority to apply such laws to all lands and premises owned or held by the United States of America by deed or act of cession, by purchase or otherwise, which is within the exterior boundaries of any State and to all projects, buildings, constructions, improvements, and property belonging to the United States of America, which is within the exterior boundaries of any State, in the same way and to the same extent as if said premises were under the exclusive jurisdiction of the State within whose exterior boundaries such place may be.

"For the purposes set out in this section, the United States of America vests in the several States within whose exterior boundaries such place may be, insofar as the enforcement of State workmen's compensation laws are affected, the right, power, and authority aforesaid; Provided, however, That by the passage of this section the United States of America in nowise relinquishes its jurisdiction for any purpose over the property named, with the exception of extending to the several States within whose exterior boundaries such place may be only the powers above enumerated relating to the enforcement of their State workmen's compensation laws as herein designated: Provided further, That nothing in this section shall be construed to modify or amend the United States Employees' Compensation Act, as amended."

the United States or the instrumentality because of the disability or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute."

We cannot conclude, however, that plaintiff Barker falls within the definition of an "employee" in the Act. He is not a civil officer or employee in any branch of the government of the United States or of an instrumentality wholly owned by the United States. True, he asserts a right to sue under the Tort Claims Act as if he were an employee of the government (that is, the SBA, the principal contractor) but that is a fictitious status created by state law, and he is not in fact a federal employee entitled to benefits under the United States Employees' Compensation Act.

The Federal Tort Claims Act has waived the government's immunity from suit under the admitted facts. If the United States (represented by the SBA) were a private individual it would be liable to plaintiff under the laws of the State of Nevada.

In consideration of the premises,

*IT HEREBY IS ORDERED* that the motion for summary judgment made by the United States be, and it hereby is, denied.