### ANDREW J. PACILEO ET AL. *v.* MORGANTI, INCORPORATED (5142)

DUPONT, C. J., SPALLONE and DALY, Js.

Submitted on briefs February 9—decision released March 24, 1987

*Michael A. Wolak III* filed a brief for the appellants (plaintiffs).

*Henry W. O'Brien* filed a brief for the appellee (defendant).

DALY, J. The plaintiff[1] appeals from the granting of summary judgment in favor of the defendant. The plaintiff's sole claim of error is that the court erred when it determined that no material issue of fact existed and thereby granted the motion for summary judgment. We disagree.

The plaintiff was injured while walking on a ramp at the New Haven city hall and library construction project. The defendant was the general contractor for the project, and the plaintiff was employed by the G & H Steel Company, a subcontractor on the project. The defendant claims that the plaintiff, as an employee of a subcontractor, is barred from instituting a civil action and is limited to workers' compensation relief under General Statutes § 31-291. That statute provides: "When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor."

---

[1] While the named plaintiff's wife is also listed as a plaintiff, for purposes of this opinion, the term "plaintiff" will refer to the named plaintiff only.

The defendant filed a motion for summary judgment arguing that since it was liable as the principal employer, the plaintiff was barred from suit against it. In the accompanying affidavit, the defendant stated that it employed the G & H Steel Company as a subcontractor in the construction of a garage at the site, a part of which involved laying steel rods for the pouring of concrete. The defendant further claimed that the work being performed by G & H Steel was a part and process of the construction job of the defendant and was ordinarily performed by the defendant's employees. The plaintiff opposed the motion alleging that the defendant did not directly employ any iron workers nor were any Morganti employees qualified to perform the job of iron workers.

General Statutes § 31-291 was enacted to protect employees of subcontractors from the possible irresponsibility of their immediate employer who does not control the premises, by holding the principal employer, who has general control over the business liable, as if the principal employer directly employs all those who work on or at the business through subcontractors. *Battistelli* v. *Connohio, Inc.,* 138 Conn. 646, 648, 88 A.2d 372 (1952); see 1C A. Larson, Workmen's Compensation Law § 49.11, p. 9-3. The principal employer defense to an independent civil action applies if three conditions are met: (1) the relation of principal employer and subcontractor must exist in work done wholly or in part for the principal employer; (2) the work must be on or about the premises controlled by the principal employer; and (3) the work must be a part or process in the trade or business of the principal employer. *Mancini* v. *Bureau of Public Works,* 167 Conn. 189, 193, 355 A.2d 32 (1974); *Alpha Crane Service, Inc.* v. *Capitol Crane Co.,* 6 Conn. App. 60, 72, 504 A.2d 1376, cert. denied, 199 Conn. 808, 508 A.2d 769 (1986). The plaintiff concedes that the first two of the three condi-

tions were present, but claims that the third presented a material issue of fact, since the work being performed by G & H Steel was not a part or process of the trade or business of the defendant.

In Connecticut, there is a long line of cases explaining the meaning of "part or process." It has been defined as including " 'all those operations which enter directly into the successful performance of the commercial function of the principal employer. If the work is of such a character that it ordinarily or appropriately would be performed by the principal employer's own employees on the prosecution of his business, it is a part or process in his business.' " *Kasowitz* v. *Mutual Construction Co.*, 154 Conn. 607, 613, 228 A.2d 149 (1967), quoting *Crisanti* v. *Cremo Brewing Co.*, 136 Conn. 529, 532, 72 A.2d 655 (1950). In *Alpha Crane,* this court reviewed additional, earlier cases and concluded that "it is clear that the part or process element is intended to include all of those tasks which are required to carry on the principal employer's business." *Alpha Crane Service, Inc.* v. *Capitol Crane Co.,* supra, 76.

In the present case, the defendant's business, as the general contractor, was to oversee and implement the construction of the city hall library complex. Included in that project was the construction of a garage. A necessary and expected part of that construction was the laying of steel rods for the pouring of concrete. Ironworkers generally lay steel rods. Since "none of the individuals directly employed by Morganti, Inc., were qualified to perform the job of ironworker" as stated by the plaintiff in the pleadings, the utilization of ironworkers such as the plaintiff was a part or process of the defendant's trade or business.

A party moving for summary judgment must demonstrate the absence of any genuine issue of material fact. Such a showing entitles him to judgment as a mat-

ter of law. *Batrick* v. *Seymour,* 186 Conn. 632, 647, 443 A.2d 471 (1982). In this case, the plaintiff conceded the first two elements of the principal employer defense and the defendant demonstrated that no reasonable question of fact existed for the jury to determine on the third and final element. Thus, the trial court was correct in granting the defendant's motion for summary judgment.

There is no error.

In this opinion the other judges concurred.