[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: SUMMARY JUDGMENT
This motion for summary judgment arises out of a personal injury action brought by plaintiff James Sanford against defendants Classic Restoration, Inc. ["Classic"] and David L. Sansone, d/b/a Sansons Construction ["Sansone"]. Plaintiff moved to amend his complaint dated May 11, 1990 with the amended complaint dated July 26, 1990. On September 10, 1990 the court, Katz J., overruled defendant Sansone's objection to plaintiffs motion to amend leaving the July 26, 1990 amended complaint the operative complaint.
The first count of plaintiff's two-count amended complaint is directed against David L. Sansone d/b/a Sansone Construction. Plaintiff alleges that in May 1988 Sansone entered into an agreement as a General Contractor to make repairs and renovations on a building known as 115 Byram Shore Road, Byram, Connecticut. Sansone subcontracted certain CT Page 1331 work including the roof repairs to Classic. Classic in turn subcontracted the roof work to Lamar LaGrone. On May 26, 1988 while Sanford was employed by Lamar LaGrone, Sanford fell off the roof at 115 Byram Shore Road. Sanford claims that Sansone knew or should have known that the roof constituted an unsafe and hazardous workplace in that Sanford was nor provided with adequate safety devices, that the roof was set, slippery and insecure, and that Sanford was not qualified or experienced to work on a roof and that Sansone did not provide proper training. Sanford further claims that as a result of Sansone's negligence, Sanford fell from the roof and suffered serious and permanent injuries, Sanford seeks money damages and other relief that the court deems just.
The second count is directed against Classic and is not involved in this motion for summary judgment.
Sansone interposed two special defenses. In the first special defense, Sansone claims that Sansone was a principal employer of Sanford and that Sanford's exclusive remedy against Sansone is a claim for workers compensation. In the second special defense Sansone claims that any injuries sustained by Sanford were caused by Sanford's own contributory negligence.
Defendant Sansone moves for summary judgment in its favor on the ground that there are no genuine issues as to any material fact and that Sansone is entitled to judgment as a matter of law.
In support of its motion for summary judgment Sansone has filed memorandum of law, an affidavit from David L. Sansone and exhibits. Sanford has filed a memorandum of law in opposition to the motion but has not filed any exhibits or affidavits.
"The rules of practice in Connecticut require that all pleadings be closed before a party may move for summary judgment." Orticelli v. Powers, 197 Conn. 9, 15 (1985). "When any pleading is amended the adverse party may plead further thereto. . . . If the adverse party fails to plead further, pleadings already filed by him shall be regarded as applicable so far as possible to the amended pleading." Conn. Practice Book 177 177 (rev'd to 1978, as updated to October 1, 1990). Sansone did not file an answer to Sansone's amended complaint. On July 19, 1990, however, Sansone did file an answer and special defenses to Sanford's original complaint. It is the opinion of the court that pursuant to Conn. Practice Book 177, the court should apply Sansone's answer and special defenses filed on July 19, 1990 to the amended complaint. An August 13, plaintiff filed a reply to Sansone's defenses. Accordingly, it is found found that Sanford's reply to Sansone's special defenses closes the pleadings between the parties involved in this motion.
DISCUSSION
 Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, CT Page 1332 affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' (citations omitted). "A "material" fact has been defined adequately and simply as a fact which will make a difference in the result of the case.' (citations omitted) The test is whether a party would be entitled to a directed verdict on the same facts. . . .' (citations omitted).
Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578 (1990). "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts. . . .'" Fogarty v. Rashaw, 193 Conn. 442, 445 (1984). "`To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents.'" Hammer,214 Conn. at 579. "Interpretation of the pleadings is a question of law." Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525, 529 (1989).
Sansone moves for summary judgment on count one of the amended complaint on the ground that Sansone is a principal employer pursuant to "Conn. Gen. Stat. 31-291 and that as such the exclusivity provision of the Workers' Compensation Act Conn. Gen. Stat. 31-284 (a)[1] operates as a total bar to the action brought by Sanford the employee against Sansone the employer for the job related injuries.
At the time the incident occurred, Conn. Gen. Stat. 31-291
provided that:
 When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is part or process in the trade or business of such principal employer, and is performed on or about the premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontract.
Sanford argues that although the purpose of Conn. Gen. Stat.31-291 is to protect employees of minor contractors against the irresponsibility of their immediate employer, the Workers' Compensation Act has an alterative provision to protect employees from irresponsible employers. Sanford argues that the employee is protected by Conn. Gen. Stat. 31-254 which establishes a second injury fund that pays benefits to injured employees whose employers or insurance carriers have failed to pay compensation. Sanford further argues that Conn. Gen. Stat. 32-291 has recently been amended by Conn. Pub. Acts No. 88-226 and that the amendment CT Page 1333 should be applied retroactively to the instant case. Sanford argues that "the 1988 amendment to Conn. Gen. Stat. 31-291 provides that in the event that a `principal' employer does not pay compensations to an injured employee, then he is susceptible to civil liability pursuant to Conn. Gen. Stat. 31-293." Sanford concludes that Sanford has only received money for his injury from the second injury fund and that "but for the de minimus matter of less than 48 hours, [between the date of his injury and the effective date of the amendment], the plaintiff would not be facing the instant motion." Sanford therefore requests that the court deny the motion for summary judgment.
 The purpose of [Conn. Gen. Stat. 31-291 "`is to protect the employees of minor contractors against the possible irresponsibility of their immediate employers, by making the principal employer who has general control of the business in hand liable as if he had directly employed all who work upon any part of the business which he has undertaken to carry on.' Bello v. Natkins, 101 Conn. 34, 38, 124 A.2d 831 [1924]." Basttistelli v. Connobio, Inc., 183 Conn. 646, 648, 88 A.2d 372 (1952).
Sequeglia v. Milne Construction Co., 212 Conn. 427,. 433 (1989). The Connecticut Supreme Court has "consistantly held that the exclusivity provisions of the Workers' Compensation Act operate as a total bar to actions brought by employees against their employers for job related injuries (citations omitted). This bar operates whether or not the employee actually collects compensation from the principal employer." Id. at 430.
 The principal employer defense to an independent civil action applies if three conditions are met: (1) the relation of principal employer and subcontractor must exist in work done wholly or in part for the principal employer; (2) the work must be on or about the premises controlled by the principal employer, and (3) the work must be a part or process in the trade or business of the principal employer.
Pacileo v. Morganti, Inc., 10 Conn. App. 261, 263 (1987).
In the instant case the first element of the principal employer defense is that Sansone and Lamar LaGrone were in an employer and subcontractor relationship in the work performed by Lamar Lagrone and Classic for Sansone. "Where there is an original contractor and a consecutive chain of sub-contractors down to the workman receiving a compensable injury, each contractor in such chain and his immediate employer is a principal employer as to the injured workman under [section 31-291]." Palumbo v. Fuller Co., 99 Conn. 353, 365 (1923). Sanford has not challenged whether Sansone as the general contractor was the principal employer. The amended complaint alleges that Sanford worked for Lamar LaGrone and that CT Page 1334 Lamar LaGrone was retained by Classic to perform roof repairs on behalf of Sansone in relation to Sansone's contract to make repairs and renovations at 115 Byram Shore Road. Sansone alleges in his first special defense that he is a principal employer of Sanford. It is found that the first element of the principal employer defense is satisfied in that Lamar LaGrone as a subcontractor was part of the consecutive chain of subcontractors engaged by Sansone as a principal employer to repair and renovate 115 Byram Shore Road.
With regard to the second element of the principal employer defense, there is no material issue of fact that the work was done on the premises controlled by the principal employer. "The term `control' in this context has a specific meaning. It is merely descriptive of the work area. . . . me emphasis is upon limitation of the area within which the accident must happen rather than upon actual control of the implements which caused the accident." Alpha Crane Service, Inc. v. Capital Crane Co., Conn. App. 60, 73-74 (1986). The amended complaint alleges an agreement between Sansone as the general contractor and the owner of 115 Byram Shore Road to make repairs and renovations including roof repairs on that building. Sansone's Exhibit G, which is a copy of Sansone's proposal to the owners of 115 Byram Shore Road, also states that roof repair was to be done. The agreement defined the area of control as 115 Byram Shore Road including the roof from which Sanford fell. Accordingly, the second element is satisfied.
The third element of the principal employer defense is that the work must be a part or process in the trade or business of the principal employer.
 [Part or process] has been defined as including "`all those operations which entire directly into the successful performance of the commercial function of the principal employer. If the work is of such a character that it ordinarily or appropriately would be performed by the principal employers own employees on the prosecution of his business, it is a part or process in his business."'
Pacileo, 10 Conn. App. at 264, (quoting Kasowitz v. Mutual Construction Co., 154 Conn. 607, 613 (1967)). In the instant case, Sanson's business as the general contractor, was to oversee and implement the construction of the repairs and renovations of 115 Byram Shore Road. A necessary and expected part of that project was to repair the roof. It is found that the affidavit of David Sansone and Defendant's exhibits, specifically the proposal of Sansone to the owners of 115 Byram Shore Road and the agreement between Classic and Sansone all evidence that the utilization a roofing subcontractor was part or process of Sansone's trade or business. Accordingly, the third element of the principal employer defense is satisfied. CT Page 1335
It is found that Sanford has not rebutted any of the element of the principal employer defense and there is no reasonable question of fact for a jury to determine regarding the three elements of the principal employer defense.
Sanford argues that Conn. Pub. Acts No. 88-226 amended Conn. Gen. Stat. 32-291 and should be applied retroactively. The amended provision of Conn. Stat. 31-291 provides that:
 The provisions of this section shall not extend immunity to any principal employer from a civil action brought by and injured employee . . . under the provisions of section 31-293 to recover damages resulting from personal injury . . . occurring on or after May 28, 1988, unless such principal employer has paid compensation benefits under this chapter to such employee . . . for the injury or death which is the subject of the action.
Where the language used by the legislature is plain and unambiguous, there is no room for statutory construction by the courts and the statute will be applied as its words direct. Kelemen v. Rimrock Corp., 207 Conn. 599,607 (1988). The plain language of the amendment to Conn. Gen. Stat.31-291 states that it applies only to an injury occurring on or after May 28, 1988. In the instant action the injury occurred on May 26, 1988, which is two days before the amendment was to take effect, and therefore, the amendment is inapplicable.
It is found that the statute at the time of the accident provided principal employers immunity from employee civil actions. And, as discussed, Sansone has sustained its burden of presenting evidence to show that no genuine issue of material fact exists as to the applicability of the principal employer defense at the time of Sanford's injury. The principal employer defense is a complete defense to Sanford's allegations in the first count of his amended complaint. Accordingly, Sanson's motion or summary judgment as to Count One of the amended complaint is granted.
JOHN J.P. RYAN, JUDGE.