[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is a negligent action wherein the plaintiff claims to have fallen in the parking lot of the defendant thereby sustaining injuries caused by defects in the lot.
The plaintiff was employed through Kelly Temporary Services at the Northeast Utility facility located at 107 Sheldon Street, Berlin, Connecticut. The defendant owned and controlled the parking lot at this location. The plaintiff alleges that on January 27, 1988, she was walking in the defendant's parking lot when a dangerous and defective condition in the lot caused her to fall and sustain injuries.
The plaintiff's work was performed wholly for the benefit of the defendant, and her work was part or process in the defendant's business.[1]
CT Page 2733
The defendant now moves for summary judgment claiming that the principal employer defense bars this action.
Summary judgment is proper where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Burns v. Hartford Hospital, 192 Conn. 451,455 (1984).
The statutory principal employer defense provides that:
 When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor.
Conn. Gen. Stat. sec. 31-291.
Conn. Gen. Stat. sec. 31-291 is designed to protect workers who were employed by a contractor but who had no actual contractual relationship with the principal employer. Evary v. E. R. Construction Co., 27 Conn. Sup. 278, 281 (1967). Under sec. 31-291, a principal employer "is liable to pay workers' compensation benefits for injuries sustained by an employee not on its own payroll, and the employee is barred from any common law action against the principal employer. . . ." Sgueglia v. Milne Construction Co., 212 Conn. 427, 433 (1989) (emphasis added).
There are three elements to the principal employer defense: 1) the relation of the principal employer and the sub-contractor must exist in the work done wholly or in part for the principal employer; 2) the work must be on or about the premises controlled by the principal employer; 3) the work must be a part or process in the trade or business of the principal employer. Pacileo v. Morganti, Inc., 10 Conn. App. 261, 263
(1987).
The first element is satisfied by the admission of the plaintiff that the work performed by her was wholly for the benefit of Northeast Utilities. Id. at 263. CT Page 2734
Neither the plaintiff or the defendant disputes that the work was performed at a facility controlled by Northeast Utilities, and that the injury occurred in a parking lot controlled by Northeast Utilities thereby satisfying the second element of the principal employer defense. Id. at p. 263; see Alpha Crane Service, Inc. v. Capitol Crane Co., 6 Conn. App. 60,73-74 (1986) cert. denied 199 Conn. 807, 808 (1986).
The third element of the principal employer defense requires that the work performed be a part or process in the trade or business of the principal employer. Pacileo,10 Conn. App. at 263. An activity is "part or process" in the business of the principal employer of it is one of those tasks which is required to carry out the principal employer's business. Id. at 264; Alpha Crane Service, Inc., 6 Conn. App. at 76. Work "of such a character that it ordinarily or appropriately would be performed by the principal employer's own employees on the prosecution of his business . . . is a part or process in his business." Kasowitz v. Mutual Construction Co., 154 Conn. 607, 613
(1967), quoting Crisanti v. Cremo Brewing Co., 136 Conn. 529,532 (1950). By her failure to respond to the requests for admissions, the plaintiff has admitted that the work she performed met the standard of being with the part or process of the principal employer's business. We conclude, therefore, that each of the three elements of the principal employer defense have been satisfied.
The plaintiff responds to the defendant's motion for summary judgment by noting that the principal employer defense does not apply to any injury occurring after May 28, 1988. However, the plaintiff's accident resulting in her injuries occurred on January 27, 1988. Legislation affecting substantive rights is to be applied prospectively only. Enfield Federal Savings and Loan Assn. v. Bissell, 182 Conn. 569, 571 (1981); Heffernan v. Slapin, 182 Conn. 40, 51 (1980). Accordingly, the principal employer defense is a valid defense to this action where the injury occurred prior to the abrogation of the principal employer defense. Since all the elements of the principal employer defense are present in this action, the cannot maintain this claim against the defendant.
Accordingly, the defendant's motion for summary judgment is granted.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT