[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON HEARING IN DAMAGES
Plaintiff alleges, in its complaint, that the defendants Beatrick and Rejeanne Landry, dba Landry Company, aka Landry General Framing, are indebted to the plaintiff for unpaid premiums on a Workers' Compensation policy for the period August 5, 1989 through August 5, 1990 for $9061.00.
Beatrick Landry entered a pro se appearance. The defendant Rajeanne Landry did not enter an appearance. The defendant Rajeanne Landry, on July 22, 1992, was defaulted for failure to appear and judgment in the amount of $9061.00 was entered against this defendant based upon an affidavit of debt submitted to the court.
On August 27, 1992, the defendant Beatrick Landry was defaulted for failure to plead. The matter was claimed to a Hearing in Damages. At the hearing, the defendant Beatrick Landry appeared to contest the award of damages.
The plaintiff's presentation of evidence, as to its claim of damages, is founded upon a claim that the insurance company did an audit of the defendant's account to determine the amount of the earned premium due on the Workers' Compensation policy. The witness for the plaintiff testified that a premium of $9711.00 was found to be due because of five employees being in the employ of the defendant Landry. The plaintiff insurance company gave the defendant Beatrick Landry credit for $650.00 paid, claiming a balance due of $9061.00.
Beatrick Landry testified that he only had one employee. Landry testified that the other persons counted by the CT Page 10916 plaintiff as Landry's employees were not employees, but rather independent contractors hired by him.
Plaintiff's response to Landry's defense is that the independent contractors hired by Landry, under the principal employer theory, could be counted as employees for the purpose of determining the amount of premium due the plaintiff from Landry. The principal employer theory exists under C.G.S. sec. 31-291. This statute "was enacted to protect employees of subcontractors from the possible irresponsibility of their immediate employer who does not control the premises, by holding the principal employer, who has general control over the business liable, as if the principal employer directly employs all those who work on or at the business through subcontractors." Pacileo v. Morganti, 10 Conn. App. 261, 263 (1987).
Under the facts in this case, the testimony of plaintiff's witness that an audit determined that the defendant Landry should be obligated to pay an additional premium is not sufficient proof to overcome Landry's position that the persons named by the plaintiff were not his employees. Janow v. Ansonia, 11 Conn. App. 1, 8-9 (1987).
Accordingly, plaintiff is awarded $1.00 damages.
ARNOLD W. ARONSON, J.