[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of an accident which occurred on a construction site in New Canaan. The plaintiff, Adelio Casalini, alleges in the second revised complaint, dated May 24, 1990, that on August 25, 1987, while he was working on scaffolding 35 feet above the ground applying siding to a residential structure, the pole supporting the scaffolding broke, due to the negligence and carelessness of the defendants, causing him to fall to the ground and to sustain serious injuries. The plaintiff's action is directed to the following three defendants: The Four D's, Inc., CT Page 4295 ["Four D's"], the general contractor; Imperial Construction Inc. ["Imperial"], a subcontractor for whom plaintiff was working at the time of the incident; and First Street Associates ["First Street"], a partnership which owned the New Canaan property.
Imperial filed four special defenses, asserting, inter alia, that it is the plaintiff Casalini's principal employer and thus immune from suit by him pursuant to General Statutes § 31-291. This statute immunizes a "principal employer" as defined therein from common law liability to an employee, who is entitled to workers' compensation exclusively.
Imperial has filed a motion (#175) for summary judgment on the grounds that plaintiff's action against it is barred by the principal employer defense. In support of its motion, Imperial submitted the following materials: its agreement with Four D's to provide carpentry labor on the New Canaan project; the affidavit of Gaetan Lariviere, president of Imperial; portions of the deposition testimony of the plaintiff and of Anthony Ottoshavett, who was plaintiff's co-worker; and the affidavit of George Discala, president of Four D's. In opposing summary judgment, the plaintiff submitted his own affidavit; the agreement between Imperial and Four D's; a copy of Discala's affidavit; and portions of plaintiff's deposition testimony and that of Ottoshavett.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." WadiaEnterprises v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506 (1992). A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quotingState v. Groggin, 208 Conn. 606, 616, 546 A.2d 250 (1988).
The moving party in a summary judgment motion "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal citations and quotation marks omitted). Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, ___ A.2d ___ (1994). However, if the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of fact does exist." (Citations omitted; internal quotation marks omitted.) Hammer v. Lumberman's Mutual CasualtyCT Page 4296Co., supra, 579. In deciding such a motion, the court must view the evidence in the light most favorable to the nonmoving party.Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 780-81, 595 A.2d 334 (1991).
Imperial argues that a principal employer relationship exists, as it was hired by Four D's to perform carpentry work on the New Canaan project and plaintiff contracted with Imperial to perform the siding work on such project. Imperial further argues that the work was performed on premises it controlled, and that the siding work was a part or process of its trade or business since it is a company engaged in general carpentry and framing. Imperial also claims that its own employees have applied siding as part of their duties. In response, the plaintiff argues that the determination of whether the three elements required to invoke the principal employer defense are satisfied presents genuine issues of material fact. The plaintiff also argues that he is an independent contractor rather than an employee of Imperial and should be permitted to bring a personal injury action.
"The basis for what is known as the principal employer defense is General Statutes § 31-291 . . ." Coady v. Walter B. Moore Builders,8 CSCR 908 (August 5, 1993, Hadden, J.). At the time of the plaintiff's accident, § 31-291 provided that:
 [w]hen any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work was done without the intervention of such contractor or subcontractor.
General Statutes § 31-291 (Rev. to 1987). This section provided that a principal employer was liable to pay workers' compensation benefits for injuries sustained by employees, even when they were not on the employer's payroll, and the employee was barred from any common law action against the principal employer, just as he would be barred from bringing an action against an immediate employer.Squeglia v. Milne Construction Co., 212 Conn. 427, 432-33,562 A.2d 505 (1989). CT Page 4297
For the principal employer defense to apply, three elements must be satisfied: "`(1) the relation of principal employer and contractor must exist in work wholly or in part for the former; (2) the work must be on or about premises controlled by the principal employer; and (3) the work must be a part or process in the trade or business of the principal employer.'" Gedeon v. First NationalSupermarkets, Inc., 21 Conn. App. 20, 24, 571 A.2d 123, cert. denied, 215 Conn. 804, 574 A.2d 220 (1990), quoting Alpha CraneService, Inc. v. Capitol Crane Co., 6 Conn. App. 60, 72,504 A.2d 1376, cert. denied, 199 Conn. 808, 508 A.2d 769 (1986). "Each of these elements ordinarily constitutes a question of fact to be determined by the jury." Gedeon v. First National Supermarkets,Inc., supra. "Only where the evidence permits `no dispute as to the existence of these conditions,' can a verdict be directed." Id.
With respect to the first required element of the principal employer defense, Lariviere's affidavit states that Imperial subcontracted with Casalini in order to apply the siding on the New Canaan residence. "Where there is an original contractor and a consecutive chain of subcontractors down to the workman receiving a compensable injury, each contractor in such chain and his immediate employer is a principal employer as to the injured workman. . . ." Palumbo v. Fuller Co., 99 Conn. 353, 365, 122 A. 63
(1923); Sanford v. Classic Restoration, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 109134 (February 21, 1991, Ryan, J.); cf. 1C A. Larson, The Law ofWorkmen's Compensation, § 49.14 (1992) (in situations presenting hierarchy of principal contractor upon subcontractor upon subsubcontractor, when employee of lowest subcontractor on totem pole injured, no practical reason for reaching up hierarchy any further than first insured contractor); Ronta v. Bethlehem Steel Corp.,271 F. Sup. 286 (D. Conn. 1967). Since Imperial is the subcontractor who hired the plaintiff to perform the siding work on the New Canaan project, there is clearly a principal employer/contractor relationship between the parties and the first element is satisfied.
The plaintiff does not dispute the second element of the principal employer defense, viz., that the work was done on premises controlled by Imperial. Lariviere's affidavit states that "Imperial had control of the premises insofar as it was able and required to manage and direct the carpentry work it had contracted to provide." Thus, the second element of the principal employer defense is satisfied. CT Page 4298
As for the third element, Lariviere's affidavit states that Imperial is a construction company engaged in general carpentry, framing add interior trimming of residential buildings and that the siding application performed by plaintiff was the type of work which would be performed by Imperial in the prosecution of Imperial's own business. Lariviere also states that Imperial's own employees have applied siding as part of their duties for Imperial. In the plaintiff's affidavit, he states that upon information and belief, First Street was not engaged in the business of house framing, but he makes no such claim as to Imperial. The plaintiff also claims that the agreement between Imperial and Four D's did not provide for the application of siding.
"`If the work is of such a character that it ordinarily or appropriately would be performed by the principal employer's own employees in the prosecution of his business, it is a part or process in his business.'" (Citation omitted.) Gedeon v. FirstNational Supermarkets, Inc., supra, 26; Pacileo v. Morganti, Inc.,10 Conn. App. 261, 264, 522 A.2d 841 (1987); Alpha Crane Service,Inc. v. Capitol Crane Co., supra, 75. "This condition is not limited to main tasks performed in the principal employer's business, but rather, includes those tasks that are necessary to the routine functioning of a business." Gedeon v. First NationalSupermarkets, Inc., supra.
The agreement between Imperial and Four D's, submitted by both parties, includes a list of optional extras, wherein "siding application" is listed. The application of siding appears clearly to be a part and process of performing carpentry work on a residential structure, and plaintiff does not dispute this. Lariviere's affidavit states that Imperial's own employees apply siding, which is also not disputed in plaintiff's affidavit. Therefore, the third element of § 31-291 has been satisfied.
The plaintiff also claims that since he is an independent contractor who paid for his own insurance, he was not in an employment relationship with Imperial. However, "`if the work is part or process of defendant's business and done on or about its premises, whether performed by an independent contractor or not, the work comes within the provisions of the Workmen's Compensation Act and the defendant is liable thereunder.'" (Citation omitted.)Mancini v. Bureau of Public Works, 167 Conn. 189, 197, 355 A.2d 32
(1974). The distinction between a "contractor" and an "independent contractor" with regards to the meaning of the Workers' Compensation Act "has no basis in the law." U.S. Fidelity GuarantyCT Page 4299Co. v. Spring Brook Dairy, 135 Conn. 294, 302, 64 A.2d 39 (1949).
Although the existence of each of the elements of the principal employer defense ordinarily constitutes a question of fact, where there are no genuine issues of material fact with respect to the existence of these conditions, summary judgment may be granted. Kasowitz v. Mutual Construction Co., 154 Conn. 607,614-15, 228 A.2d 149 (1967); Sanford v. Classic Restoration, supra. Thus, Imperial has met its burden of proving that there are no genuine issues of material fact with respect to the three elements and that the principal employer defense bars plaintiff's claims against Imperial at the time of his accident. Accordingly, Imperial's motion for summary judgment is granted.