[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On April 17, 1996, the plaintiff, Nathaniel Berry, filed a five-count negligence action naming numerous defendants including W.E. O'Neil Construction Co. of Connecticut, Inc. (O'Neil). With respect to O'Neil, Berry alleges in count two that on or about June 9, 1994, O'Neil owned, operated, controlled, managed, and/or maintained the premises located at 83-97 Orange Street, New Haven, Connecticut, known as the Ninth Square Project. On said date, Berry alleges that while he was cleaning debris on the second floor of a building at the Ninth Square Project, he fell through a hole in the floor and sustained numerous physical injuries as result of the fall. Berry claims that O'Neil's negligence caused his fall. On July 28, 1998, O'Neil filed a motion for summary judgment[1]. O'Neil has submitted a memorandum in support of its motion and attached an affidavit from Michael D'Amato, president of O'Neil, an affidavit from Robert R. Dukes, chief financial officer of O'Neil, a copy of a workers' compensation premium statement, a copy of a check payable to ITT Hartford and Miclin, and excerpts from Berry's deposition. Berry objects to O'Neil's motion and has filed an opposing memorandum. CT Page 3562
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment. . . ." (Citations omitted; internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1998).
In its memorandum, O'Neil asserts that O'Neil was Berry's principal employer and, as a matter of law, Berry is barred from pursuing this action. In opposition, Berry contends that O'Neil has not satisfied the necessary elements required to assert the principal employer defense.
General Statutes § 31-291 provides: "When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor. The provisions of this section shall not extend immunity to any principal employer from a civil action brought by an injured employee or his dependent under the provisions of section 31-293 to recover damages resulting from personal injury or wrongful death occurring on or after May 28, 1988, unless such principal employer has paid compensation benefits under this chapter to such injured employee or his dependant for the injury or death which is the subject of the action." CT Page 3563
"The principal employer defense to an independent civil action applies if three conditions are met: (1) the relation of principal employer and subcontractor must exist in work done wholly or in part for the principal employer; (2) the work must be on or about the premises controlled by the principal employer; and (3) the work must be a part or process in the trade or business of the principal employer. . . ." (Citations omitted.)Pacileo v. Morganti, Inc., 10 Conn. App. 261, 263, 522 A.2d 841
(1987). In rendering summary judgment, "[t]he test is whether a party would be entitled to a directed verdict on the same facts. . . ." (Citation omitted; internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). Ordinarily, whether the elements of the principal employer defense have been met constitutes a question of fact to be determined by the jury. Gedeon v. FirstNational Supermarkets, Inc., 21 Conn. App. 20, 24, 571 A.2d 123
(1990). "Only where the evidence permits no real dispute as to the existence of these conditions, can a verdict be directed. . . ." (Citation omitted; internal quotation marks omitted.) Id.
Neither party disputes that the first two prongs of the principal employer defense are satisfied. O'Neil asserts that it subcontracted work to Miclin that was performed at the Ninth Square Project and Berry admits that he was employed by Miclin. (Exhibit A, D'Amatos Affidavit ¶ 5; Plaintiff's Opposing Memorandum, p. 4.) Berry alleges that O'Neil owned, operated, controlled, managed, and/or maintained the Ninth Square Project. (Complaint, Count Two ¶ 2.) O'Neil maintains that it controlled the Ninth Square Project at the time of Berry's fall. (Defendant's Supporting Memorandum, page 7.)
At issue is the third prong of the principal employer defense, O'Neil maintains that Miclin's work was part of a process of its contract with the Ninth Square. Berry argues that the work he performed as an employee with Miclin was not a part of the process in the trade or business operated by O'Neil. Berry maintains that O'Neil has not offered any proof that the services performed by Miclin were services performed by its own employees, or work ordinarily performed by its own employees.
"In Connecticut, there is a long line of cases explaining the meaning of `part or process.' It has been defined as including all those operations which enter directly into the successful CT Page 3564 performance of the commercial function of the principal employer. If the work is of such a character that it ordinarily or appropriately would be performed by the principal employer's own employees on the prosecution of his business, it is a part or process in his business. . . . [I]t is clear that the part or process element is intended to include all of those tasks which are required to carry on the principal employer's business. . . ." (Citations omitted; internal quotation marks omitted.) Pacileo v.Morganti, Inc., supra, 10 Conn. App. 264.
O'Neil contracted for the construction of the Ninth Square Project, and subcontracted the carpentry and drywall to Miclin. (Exhibit A, D'Amato's Affidavit ¶¶ 4-5.) The carpentry and drywall operations were directly a part of the Ninth Square Project and, a part or process of O'Neil's business thus, O'Neil meets the third prong of the principal employer defense as set forth in Pacileo. Miclin's services were a part of O'Neil's business, therefore O'Neil's subcontract with Miclin allows O'Neil to satisfy the third element of the principal employer defense.
O'Neil maintains that it may properly invoke the principal employer defense as set forth in General Statutes § 31-291, because it has satisfied the three elements discussed above AND it has paid Miclin's workers' compensation premium. In support of its position O'Neil has submitted an affidavit from its chief financial officer, Robert R. Dukes, wherein Dukes states that O'Neil issued a check payable to Miclin, Inc., and ITT Hartford solely for the purpose of paying Miclin's workers' compensation premiums. (Exhibit B, Dukes Affidavit, ¶¶ 4-5.) Also, O'Neil attached a copy of an invoice which shows an adjustment to Miclin's workers compensation premium. (Exhibit B1.) The adjustment reflects an additional $59,147 owed for the workers' compensation premium and the attached check is made payable to Miclin and ITT Hartford for that amount.
In another case involving the principal employer defense and the payment of workers' compensation premiums, Gionet v. GeneralDynamics Corp. , Superior Court, judicial district of New London at New London, Docket No. 533138 (July 24, 1996, Hurley, J.), an employee of the defendant's subcontractor, filed a personal injury suit against the defendant. The defendant moved for summary judgment asserting the principal employer defense. The defendant submitted affidavits asserting that it understood the contract between it and the subcontractor to require that the CT Page 3565 subcontractor provide workers' compensation insurance, and the cost of the coverage was an element of cost in the contract price. The court denied the defendant's motion finding that the defendant had not produced sufficient evidence to establish that it had paid the premiums on the workers' compensation policy. The defendant failed to submit a copy of the contract or other documentary evidence to support its motion.
In the present case, although O'Neil has submitted an affidavit together with additional evidence showing a payment of a portion of the workers' compensation premium, the documents fail to demonstrate that O'Neil paid the ENTIRE workers' compensation premium. Berry has not filed any opposing affidavits to O'Neil's motion for summary judgment, however in his opposing memorandum, Berry does argue that O'Neil has failed to demonstrate payment of ALL the workers compensation premiums. General Statutes § 31-291 does not provide immunity to a principal employer from an injured employee's civil action unless the principal employer pays "all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor. . . ." (Emphasis added.) The premium statement and check reflect a portion of workers' compensation premium due to ITT Hartford. Although O'Neil has submitted some evidence, the evidence does not show it paid the entire premium as required by General Statutes § 31-291. Therefore, the defendant has failed to meet its burden and the court denies its motion for summary judgment as to count two.
John W. Moran, Judge