## DOMINICK F. FARINA ET AL. *v.* ANNA R. MODZELEWSKI ET AL.
### (AC 26130)

Flynn, Bishop and McLachlan, Js.*

Argued September 26, 2005—officially released March 7, 2006

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Ronald F. Bozelko*, for the appellants (plaintiffs).

*Michael A. Albis*, for the appellees (defendants).

*Opinion*

FLYNN, J. The principal issue to be decided is whether, under the terms of the agreement of the parties, the state's involuntary partial taking of only a part of an interest in real property owned by the parties should be treated as a partial sale or total sale. On appeal, the plaintiffs, Dominick F. Farina, Joseph Farina, Theresa Raucci and Ann Brano, claim that the court improperly found the condemnation to be more akin to a partial sale. We affirm the judgment of the trial court.

The following facts, as reflected in the record, are relevant to our resolution of this appeal. The plaintiffs and the defendants, Dominick Farina, Linda Goldman, Thomas Farina, Lawrence Farina, Jack Farina, Jr., Carol Ann Calderella, Barbara Reynolds, Anthony Farina, Jr., Mary Ann Mezzanotte, Anna Rose Modzelewski, John Frantantonio and Theresa Vendrone are all children or grandchildren of Anna Farina, who is deceased. At the time of her death, Anna Farina owned a 3.7 acre parcel known as 99 Frontage Road or 99 Marsh Hill Road in Orange (premises), which, until her death, she had farmed with her son, Dominick F. Farina. After Anna

Farina's death, several of the defendants contested the admission of her will to probate. That contest was resolved by the execution of a compromise agreement that provided, inter alia, that Dominick F. Farina would (1) be the executor of the estate of Anna Farina, (2) be the sole owner of the premises, (3) have an absolute and unequivocal right to live on and use the premises during his life, and (4) have the absolute right to decide whether to sell, and that after his death, the premises would be sold.

Two other provisions of that agreement are particularly important to the resolution of this dispute. Paragraph 10F provided that in the event of a partial sale of the 3.7 acre parcel, Dominick F. Farina was to receive 60 percent of the net proceeds up to $450,000, and the remaining siblings or their descendants were to divide the remaining 40 percent up to $550,000.[1] Other provisions, not at issue, governed how any further sums payable were to be distributed. On the other hand, paragraph 10E of the agreement governed how proceeds realized from a total sale were to be distributed. Under that scenario, Dominick F. Farina was to receive the first $450,000, i.e., the entire condemnation award, and the next $550,000 was to go to the remaining children or in the case of deceased children of Anna Farina, to their heirs. Other provisions governed proceeds in excess of $1,000,000.

On August 14, 1998, the commissioner of transportation acquired by partial condemnation all of the premises' rights of access to a certain state highway and awarded compensation of $148,500. An appeal was

---

[1] Although not affecting the decision in this case, we note that there is either a scrivener's error or other deficiency in the formula described in paragraph 10F. If a portion of the premises was sold for $1 million, as posited in that paragraph, then it is not possible mathematically for Dominick F. Farina to receive 60 percent and receive only $450,000, while the remaining siblings receive 40 percent and receive $550,000.

taken from that award to the Superior Court. The court found that the taking of the rights of access to and from the premises constituted a partial condemnation and awarded damages in the amount of $335,956. Shortly after that judgment, on July 24, 2001, the plaintiffs filed a request for a declaratory judgment in Superior Court seeking a determination as to whether the taking of access rights by the department of transportation constituted a reduction in the value of the entire parcel and whether the $335,956 proceeds were to be distributed in accordance with paragraph 10E, the total sale provision, of the agreement.[2] In response, the defendants counterclaimed, seeking a declaratory judgment that the partial taking of the premises was tantamount to a partial sale and, therefore, that any proceeds should be distributed in accordance with section 10F of the agreement.[3] On June 2, 2004, the defendants filed a motion for summary judgment on their counterclaim. The court granted the defendants' motion for summary judgment, concluding that the partial taking of the premises was akin to a partial sale and, therefore, that paragraph 10F, regarding partial sales, applied to the division of the condemnation award. This appeal followed.

As a preliminary matter, we set forth the applicable standard of review. "The standard of review of a trial court's decision granting summary judgment is well established. Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and

[2] The plaintiffs also claimed before the trial court that Dominick F. Farina would suffer financially if paragraph 10E did not apply.

[3] The difference in which clause governed was significant. Under paragraph 10F, governing partial sales, Dominick F. Farina would receive 60 percent of the court's prior award of $335,925 or $201,573.60 and 40 percent or $134,382.40 would be distributed to the owners of the remaining nine shares. However, under paragraph 10E of the agreement governing total sales, Dominick F. Farina would receive the entire $335,956.

that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Gould* v. *Mellick & Sexton*, 263 Conn. 140, 146, 819 A.2d 216 (2003). However, when all interested parties are joined in the litigation, this standard necessarily also is guided by how the parties pleaded and argued the case.

We recognize that a condemnation, whether total or partial, results in an involuntary transfer of title from the condemnee to the condemnor. In contrast, a sale, whether total or partial, contemplates a voluntary transfer of title from buyer to seller. We do not go beyond the question that the parties asked the court to decide in their pleadings, namely, whether the condemnation was equivalent to a partial or total sale under the agreement.

In this case, the trial court followed, as it is entitled to do, the theory on which the case was presented. See *Housing Authority* v. *Pezenik*, 137 Conn. 442, 448, 78 A.2d 546 (1951). The parties do not seek to change their position on appeal. Even when we engage in plenary review, "[a]ction induced by an appellant cannot be made a ground of error." *Guglielmo* v. *Klausner Supply Co.*, 158 Conn. 308, 317, 259 A.2d 608 (1969).

We note that in their pleadings both parties took the position before the court that the taking was equivalent to a sale. The plaintiffs, in paragraph twenty-one of the request for declaratory ruling, pleaded: "The plaintiffs claim that the net proceeds, after expenses, from the

taking of the access rights of $148,500.00 plus any sums that may be awarded on appeal for such access rights, after expenses, should be distributed in accordance with Section 10E of the Agreement with the first $450,000.00 of net proceeds to the Plaintiff, Dominick F. Farina and the next $550,000.00 to be distributed to the remaining parties to the Agreement or their heirs, all of whom are parties hereto as the taking of the access rights by the [department of transportation] reduces the value of the entire Property." In paragraph seventeen of the defendants' counterclaim, they pleaded: "The taking by the [department of transportation] of the access rights to Frontage Road was a partial sale of the Property as pronounced in the memorandum of decision, exhibit I, page four, as follows: 'The taking of the rights of access to and from the subject property *constitute a partial taking.*'" (Emphasis in original.)

Although the agreement between the parties made no specific mention of a partial or total condemnation, nonetheless, each of the parties took the position before the court that the parties' agreement contemplated that it be treated as a sale. They disagreed only about whether it should be treated as a partial or total sale and litigated the case before the court on that basis. They were the *only* parties of interest, and therefore, the rights of others are not adversely affected. They are presumed to know their own intent. Parties are bound by their pleadings. *Russell* v. *Russell*, 91 Conn. App. 619, 634, 882 A.2d 98, cert. denied, 276 Conn. 924, 925, 888 A.2d 92 (2005).

The question before us on appeal becomes whether the court properly decided that the partial condemnation by the state was more akin to a partial sale and, therefore, that the proceeds were to be distributed in accordance with paragraph 10F of the agreement, which governed partial sales. It was not disputed before the court that the parties were left with the same parcel

of real estate after the taking and that only rights of access to one particular street had been taken by eminent domain.

As established by the court's earlier decision regarding the appeal to the Superior Court from the statement of compensation, the court on July 16, 2001, held that the taking of access rights from the premises constituted a partial condemnation. The court assessed damages in accordance with the measure of damages utilized for a taking of a portion of land, namely, the difference between the market value of the whole tract before the taking and the market value of what remained after the taking. In the later declaratory judgment action, the court found that the partial taking of the premises by the state was more akin to a partial sale of the premises than to a sale of the entire premises because the taking of access rights amounts to less than a taking of total ownership rights. The court also found that Dominick F. Farina was still the owner of the premises.

The court found that before the condemnation, the parties had agreed on a division of proceeds whereby paragraph 10F would apply in the event of a partial sale. The court then rejected the plaintiffs' claim that the distribution of proceeds should be treated in some different way because Dominick F. Farina could suffer a loss.

After being asked to determine which of the two conflicting sales provisions contained in the parties' pleadings applied, the court did just that, and it properly concluded that the proceeds of the condemnation award were more akin to a partial sale, thereby distributable pursuant to paragraph 10F of the parties' agreement.

The judgment is affirmed.

In this opinion the other judges concurred.